UNITED STATES, Appellee

v

MILFORD L. DAVIS, Staff Sergeant,
U. S. Air Force, Appellant

11 USCMA 407, 29 CMR 223

No. 13,536

Decided April 22, 1960

*Captain Prichard E. Gray* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel James L. Kilgore.*

*Lieutenant Colonel Francis R. Coogan* argued the cause for Appellee, United States. With him on the brief was *Colonel John F. Hannigan.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was originally arraigned and tried upon two specifications of indecent acts with minor females, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. At almost the end of the prosecution's case on these charges, an Additional Charge and specification, setting forth similar indecent acts with a third child, was introduced, over defense objection, by the Government. Accused was arraigned on the Additional Charge, and all preliminary proceedings were had with respect thereto. Thereafter, accused was acquitted of the original Charge and its specifications but found guilty of the Additional Charge and its specification. He was sentenced to bad-conduct discharge and confinement at hard labor for six months. Intermediate appellate authorities affirmed, and we granted review on the issues whether the law officer erred prejudicially in permitting introduction of the Additional Charge during the course of the trial and whether it was equally improper to try that delict without again swearing members and personnel connected with the court-martial. Our disposition of the case eliminates the necessity for deciding the second issue.

On January 22, 1959, the accused was arraigned, and trial commenced on the

**407**

original Charge and its specifications. At the close of the day's proceedings on January 23, 1959, a continuance was authorized until January 26, 1959, because of the illness of one of the prosecuting witnesses. One witness testified on January 26, and another continuance was granted because of the victim's illness. On January 28, 1959, the witness had recovered her health and finished her testimony. Thereafter, the prosecution was granted a third continuance until February 6, 1959, in order that a new charge of the same nature might be properly investigated and brought to the attention of the court-martial. This Additional Charge related to an offense which allegedly occurred on May 12, 1957, but which did not come to the Government's attention until January 22, 1959. The accused was arraigned on this new Charge, over objection of his defense counsel, when the court reconvened on Febraury 6, 1959.

The Manual for Courts-Martial, United States, 1951, paragraph 65*b*, provides:

"*b*. **Additional charges.** — After the accused has been arraigned upon certain charges, additional charges, which the accused has had no notice to defend and regarding which the right to challenge has not been accorded him, *cannot be introduced, nor may the accused be required to plead thereto.* However, *if all the usual proceedings prior to arraignment are first had with respect to such additional charges,* including proceedings as to qualifying counsel and excusing and challenging the law officer and members of the court, such charges may be introduced, the accused may be arraigned on them, and the trial may proceed on both sets of charges as the trial of one case." [Emphasis supplied.]

The Government contends before us that the quoted Manual provision, promulgated pursuant to Code, supra, Article 36, 10 USC § 836, authorizes the introduction of an additional charge following accused's arraignment on the original allegations against him. We adopt a contrary interpretation.

Admittedly, the Manual provision is ambiguous, for its initial sentence seems expressly to forbid the practice which the Government claims is authorized, while its second sentence seems to support that view. We believe, however, that the paragraph, read in its entirety, is intended to prohibit the introduction of new charges following accused's arraignment. At the same time, its second sentence points out that it is permissible for such charges to be brought to the attention of the court-martial at any time up to accused's arraignment, provided the proceedings preliminary to that point are had with respect to the additional allegations. Thus read, the apparent conflict between the Manual's provisions disappears, and an entirely coherent thought is presented. On the other hand, if the Government's position is adopted, the prohibition against introduction of new charges contained in the first sentence of the paragraph becomes meaningless. Certainly, that was not the result intended by the drafters.

We are reinforced in our belief that the quoted Manual provision must be so interpreted by the comments of Colonel Winthrop:

". . . [Additional] Charges . . . do not require a separate trial, but may and properly should be tried by the same court which tries the original Charges, and at the same time. *They must, however, be brought before the court prior to its being sworn. After the court has been duly sworn to try and determine* 'the matter now before it,' *further or* 'additional' *Charges (or specifications) cannot legally be entertained by it at that trial, but must await a separate investigation.*" [Emphasis supplied.]

[Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, page 156.]

Surely, if the authors of the Manual had intended to provide for a procedure entirely foreign to civil jurisdictions[1]

---

[1] 23 CJS, Criminal Law, § 931; State v Rice, 202 NC 411, 163 SE 112 (1932); State v Harris, 223 NC 697, 28 SE2d 232 (1943).

and in conflict with ancient military practice, they would have set it forth in clear and unambiguous terms. That they have not done so convinces us the Government's contention lacks merit. Moreover, we are not certain that the introduction of new charges following arraignment might not conflict with the statutory procedural scheme laid down by Congress in the Code. In Code, supra, Article 36, it expressed its desire that the adjective law of courts-martial, so far as was deemed practicable, be modeled upon the principles applied in United States District Courts. It is distinctly arguable that the various Articles of the Code appearing in subchapters VI and VII, Chapter 47, Title 10, United States Code, set forth a statutory scheme of procedure totally incompatible with such an abrupt departure from normal civil practice. Our construction of paragraph 65b, Manual, supra, however, makes determination of this question unnecessary.

Our decision in nowise affects the Government's right separately to prosecute additional charges ▬▬ ▪ which come to light following accused's arraignment upon the original charges. The repeated references in the Manual, supra, to the speedy processing of accusations, the consolidation of charges, and its injunction to try an accused for all known delicts at one hearing quite obviously refer to those offenses which become known prior to the commencement of a particular trial. If other separate crimes are discovered during that trial, it seems clear that the convening authority will breach no duty to the accused by ordering an investigation and separate hearing after completion of the proceedings then in progress. Certainly, we cannot hold a commander responsible for failure to refer additional charges to trial when he had no knowledge of the matter until after the court-martial hearing on the original charges had been convened.

We conclude, therefore, that paragraph 65b, Manual, supra, prohibits the introduction of new charges in the proceedings after accused's arraignment, although it permits such action to be taken prior to that event, if other preliminary proceedings are had. In the instant case, the quoted Manual provision was not so interpreted, and the prosecution was allowed to introduce an Additional Charge of a similar offense near the end of its case. The weakness of its presentation concerning the original delicts was established by the subsequent partial acquittal. We cannot say that the improper combination of charges did not result in unfair consideration of the Additional Charge. Prejudice to the accused is, therefore, apparent, and reversal is required.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

The interpretation of the Court does not merely reconcile the provisions of paragraph 65b of the Manual for Courts-Martial, United States, 1951, it holds the latter portion invalid. Moreover, using arraignment as the dividing point—as results from my colleagues decision—is both artificial and in conflict with the plain language of the paragraph. Instead of adopting the construction proposed, I suggest the two sentences can both be given force and effect, and under canons of construction this is the preferred result. When the first sentence is read properly, the prohibition against introducing new charges runs to offenses "which the accused has had no notice to defend and regarding which the right to challenge has not been accorded him." That general statement, however, is qualified by a proviso to the effect that when those and other pre-arraignment privileges have been granted him, the proscription does not apply.

I do not necessarily approve the procedure adopted in this case as I believe the Government could have proceeded in a more orderly manner by finishing the trial and processing separately the newly discovered offense. The method used, however, is in compliance with the Manual and its use is discretionary

**409**

with the law officer. Therefore, unless an abuse thereof is shown which reacts to the detriment of the accused, a reversal is not in order. Here there is a showing which negates an abuse of discretion as the record discloses that the court members were well aware of their obligation not to find the accused guilty because the joining of charges might portray him as a bad man. The crimes were treated separately and the court-martial showed its sense of discrimination by finding the accused not guilty on the original specifications when the facts could have supported a conviction.

I might also point out, to settle the fears of those who might suspect "dirty business" in this case, it is conceded by all that the additional offense was joined with the original charges as soon as its commission became known to the Government. Furthermore, the accused was tendered all the rights and privileges which would have been available to him had a new proceeding been instituted. Accordingly, if the procedure was erroneous it was because the Manual provision is unsustainable.