UNITED STATES, Appellee

v

THOMAS E. LOVIG, Private First Class,
U. S. Marine Corps, Appellant

15 USCMA 69, 35 CMR 41

No. 17,454

October 16, 1964

Lieutenant Patrick W. Lee, USNR, argued the cause for Appellant, Accused.

Lieutenant Colonel Remmel H. Dudley, USMC, argued the cause for Appellee, United States.

### Opinion of the Court

KILDAY, Judge:

Accused was arraigned and tried before a general court-martial convened at Camp Lejeune, North Carolina. Charged with larceny and burglary, in violation of Articles 121 and 129, Uniform Code of Military Justice, 10 USC §§ 921 and 929, he pleaded not guilty. He was convicted as charged, and the court sentenced accused to bad-conduct discharge, confinement at hard labor for one year, total forfeitures, and re-duction to the grade of E–1. With the exception of a minor modification of the finding as to value in the larceny count, the convening authority approved the findings and sentence, and a board of review in the office of The Judge Advocate General of the Navy affirmed.

Thereafter, accused petitioned this Court for grant of review, and we elected to hear his appeal in order to resolve the following issue:

Whether the law officer erred in overruling the defense objection that the cross-examination of the accused exceeded the scope of direct examination.

The Government's evidence showed that the premises in question had been burglarized, and various property was stolen at that time. Also introduced against accused, without objection by the defense, was his pretrial confession, in which he freely admitted both offenses.

After the prosecution rested accused was called to the witness stand by the defense to testify in his own behalf. Defense counsel specifically stated accused would limit his testimony to the burglary charge.

On direct examination, accused recounted generally his activities on the evening in question. He sought to explain his entry into the premises where the offenses were committed in the following manner. Although he denied he was drunk, he stated he had been drinking. He continued:

" . . . I knew what I was doing, but it just didn't bother me. I left the pavilion and walked about two or three hundred yards to the right of the pavilion and just walked into a motel. I don't know why. I just walked into it.

"DC: What were your intentions when you walked into this motel?

"A: Well sir, I didn't really have no intentions. I didn't know why I was walking in. Like I said I was to the point where I knew what I was doing, just didn't bother me.

• • • • •

"Q: When you entered this motel, did you have any intent to steal anything?

"A: No, sir; I didn't have any intent to steal anything. Like I said I dont [sic] know why."

Thus, it is apparent that the thrust of his testimony was to deny that he entered the premises with intent to steal, one of the requisite elements of burglary as alleged in the specification with which accused was charged.

On cross-examination, trial counsel's first inquiry of accused was:

"What did you do when you entered the hotel?"

Defense counsel immediately objected that the question exceeded the scope of direct examination, for the reason that accused had taken the stand to testify as to the burglary only. The law officer, however, overruled the objection, and in answer to the question accused admitted that he looked around, then went straight into the bedrooms and took two ladies' handbags. On further examination, he related his disposition of the purses and the contents thereof, effectively judicially confessing the larceny offense.

The foregoing facts give rise to the issue which we must resolve. The problem is not new to us, ■ for it is settled that an an accused may—as appellant in the case at bar indicated he chose to do—elect to restrict the scope of his testimony. And when he so limits his testimony, he may not be cross-examined as to offenses concerning which he has not testified. See Manual for Courts-Martial, United States, 1951, paragraph 149$b$(1); United States v Kelly, 7 USCMA 218, 22 CMR 8; United States v Kauffman, 14 USCMA 283, 34 CMR 63.

Under the circumstances, there can be no question but that trial counsel was entitled to probe areas ■ reflecting on accused's in- ■ tent at the time he entered the premises. And indeed, with regard to this matter, appellate defense counsel candidly concede that subsequent larceny is relevant to show an intent to steal at the time of breaking and entering, and usually a proper subject for cross-examination. Manifestly this is true, for the acts performed by a person after he enters are strong evidence of the intent he harbored when he went in. Nonetheless, relying on United States v Marymont, 11 USCMA 745, 29 CMR 561, the defense asserts in its brief that an accused who has testified as to some of several issues "may not be cross-examined so as to bring out information re-

lating to those other charges, though the testimony sought to be elicted [sic] is otherwise admissible and relevant to the charges to which he limited his testimony and would be a proper subject of cross-examination of any ordinary witness."

The defense position is unpersuasive. True it is, when an accused *has* restricted his testimony to ■ less than all the offenses charged, he is insulated from cross-examination as to those remaining. However, as we recently stated in United States v Miller, 14 USCMA 412, 415, 34 CMR 192, in discussing an analogous situation:

" . . . Equally well settled, however, in cases where an accused purports to limit the scope of the evidence he gives, is the rule that 'the content of the testimony upon direct examination and not the announcement of his limiting his testimony . . . [will] control.' United States v Kauffman, 14 USCMA 283, 299, 34 CMR 63. And if the accused in his testimony touches on the general issue of his guilt or innocence, he opens the door to cross-examination on such matters about which he testified on direct examination. United States v Kauffman, supra; United States v Wannenwetsch, supra; United States v Kelly, 7 USCMA 218, 22 CMR 8; United States v Hatchett, supra."

Indeed, *Marymont* itself, the case upon which the defense grounds its position, is consistent with the above-quoted rule. Thus, while the *Marymont* decision is cognizant that combining separate offenses might hamper or embarrass an accused in his defense when he chooses to testify only as to one, it also expressly states that cross-examination is not circumscribed when "the accused voluntarily extends his testimony to . . . [the] allegations [of the other charge]." United States v Marymont, supra, at page 751.

In the case at bar, accused did just that. While he purported to limit his testimony in his own be- ■ half to the burglary count alone, he failed to do so. Rather, in an endeavor to exculpate himself partially in that regard,[1] he denied that he harbored the intent to steal. He, himself, injected that item into his testimony. Having undertaken to do so, he effectively opened the door to the questioned cross-examination.

The situation is substantially similar to that in United States v Kelly, supra. There, defending against charges of car theft, unauthorized absence, and escape from custody, accused was attempting to lessen his guilt regarding the taking of the auto, and purported to limit his testimony to that offense. Accused, who had been picked up by military police for a traffic offense, testified, in response to his counsel's questions, that he left the post and returned to the city from which he had taken the car. There he stayed for three days in an attempt to locate the owner of the auto. On cross-examination, the prosecution developed that accused had bolted and run from the police station when he heard the desk sergeant mention the word "stolen" on the telephone. Accused asserted he had done so to return the car to its owner. We held:

"In view of the accused's testimony on direct, it does not appear that the law officer abused his discretion with regard to the scope of the trial counsel's cross-examination. The difficulty which confronted the accused was that in order to explain his intent as to the larceny charge, he was forced of necessity into the area of the escape offense. According to his testimony, he escaped from custody and remained in an absentee status for three days in order to find the owner of the automobile. Counsel for the accused undoubtedly realized that when his client took the stand, he could not but help trespassing in this area. However, this is the risk which the accused knowingly incurred

---

[1] Under accused's testimony, he would not be guilty of burglary, but only unlawful entry of the premises. The law

officer properly instructed on that lesser offense. Cf. United States v Kuefler, 14 USCMA 136, 33 CMR 348.

when he took the stand." [United States v Kelly, supra, at page 221.]

One other item merits brief comment. Appellate defense counsel point out that the connection between the ■ larcenous intent in burglary and the larcenous intent in theft is merely incidental. Suffice it to say that the two offenses here are closely related. Even though strictly speaking, as a matter of legal theory, the intents are not identical, here they are closely tied together. Even the defense concedes that the distinction they press is "metaphysical," and it is apparent from the allegations that the defense should have been on notice that broaching the issue of larcenous intent as to the burglary would involve accused's larcenous intent with regard to the theft. As we have previously noted, what was done upon accused's gaining entry is strong evidence of his intent in entering.

For the above-stated reasons, we hold the accused opened the door to trial counsel's cross-examination. Accordingly, the law officer did not abuse his discretion in overruling the defense objection to the scope thereof. United States v Miller, supra; United States v Kauffman, supra; United States v Wannenwetsch, 12 USCMA 64, 30 CMR 64; United States v Marymont, supra; United States v Kelly, supra; United States v Hatchett, 2 USCMA 482, 9 CMR 112.

The granted issue is resolved adversely to accused and the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

With facile pen, my brothers have—despite their disclaimer—elected to overrule our decision in United States v Marymont, 11 USCMA 745, 29 CMR 561, and eliminate the extraordinary privilege conferred upon an accused to testify concerning less than all the offenses charged against him, if the counts are connected with each other. I believe this to be in derogation of the rule of evidence properly laid down in the Manual for Courts-Martial, United States, 1951, and, in light of the wide-ranging military rule of joinder, an unreasonable limitation on the protections afforded an accused. For these reasons, I note my disagreement with the principal opinion.

The facts are as stated by Judge Kilday. Briefly, the record indicates accused, charged with burglary, in violation of Uniform Code of Military Justice, Article 129, 10 USC § 929, and larceny, in violation of Code, supra, Article 121, 10 USC § 921, entered a motel in the nighttime and removed the property of the occupants. After the conclusion of the Government's case, Lovig elected to testify in his own behalf, but it was expressly declared that he would limit his testimony to the charge of burglary. Stating that he had been drinking, accused conceded he had entered the premises in question, but "didn't really have no intentions" when he "walked into this motel." The following exchange on direct examination then occurred:

"Q: *When you entered this motel,* did you have any intent to steal anything?

"A: No, sir; I didn't have any intent to steal anything. Like I said I dont [sic] know why." [Emphasis supplied.]

From the commencement of his cross-examination, trial counsel was, over proper objection, permitted to question the accused concerning what he did after entering the motel. He was allowed to elicit the fact that Lovig examined the premises, proceeded into the bedrooms, and took handbags belonging to the occupants. Further questions resulted in a judicial confession to each and every element of the offense of larceny, concerning which the accused had elected to remain silent, and all because of the law officer's ruling permitting the trial counsel to enlarge the scope of his cross-examination.

The Manual for Courts-Martial, supra, provides military accused with an unusual privilege. It declares, at page 280:

" . . . When an accused is on

73

trial for a number of offenses and on direct examination has testified about only one or some of them, *he may not be cross-examined with respect to the offense or offenses about which he has not testified.* If the accused testifies on direct examination only as to matters not bearing upon the issue of his guilt or innocence of any offense for which he is being tried, he may not be cross-examined on the issue of his guilt or innocence." [Emphasis supplied.]

This privilege of the accused so to limit his testimony is within the competence of the President to prescribe for use in courts-martial. Code, supra, Article 36, 10 USC § 836; United States v Moore, 14 USCMA 635, 34 CMR 415; United States v Smith, 13 USCMA 105, 32 CMR 105. This Court has repeatedly approved the concept. United States v Marymont, supra; United States v Johnson, 11 USCMA 113, 28 CMR 337; United States v Kelly, 7 USCMA 218, 22 CMR 8; United States v Hatchett, 2 USCMA 482, 9 CMR 112.

The principle enabling the accused so to limit his testimony to less than all the charges against him is undoubtedly grounded in the broad rule of joinder which the Government enjoys in military trials. Manual, supra, paragraphs 33*h*, 30*f*, 26*c*; Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 40, *et seq*; United States v Marymont, supra; United States v Davis, 11 USCMA 407, 29 CMR 223. Its purpose is to protect the accused against embarrassment in defending against one charge because of its joinder at trial with others. Cf. Finnegan v United States, 204 F2d 105 (CA 8th Cir) (1953); United States v Lotsch, 102 F2d 35 (CA 2d Cir) (1939).

Thus, in United States v Marymont, supra, when faced with the argument that an accused could be cross-examined concerning a charge of adultery, when he elected to testify only concerning a charge of murder, on the basis that the illicit relationship constituted the motive for the homicide, we declared, at page 751:

"The Government argues, however, that the accused's relations with Mrs.

Taylor tended to establish a motive for the murder of his wife. From this premise, it is reasoned that it was permissible for the trial counsel to establish acts of intercourse between Marymont and his paramour. Absent the charge of adultery, this contention is undoubtedly correct. Nevertheless, the relationship which the Government claims to have constituted accused's motive was in fact made the basis of a separate count. While joinder of criminal charges is permissible in trials by court-martial, the process may also have the effect of limiting the rights which the Government might otherwise possess. Separate and distinct offenses may never be combined in such a manner that the accused, merely because of the charges against him, is hampered or embarrassed in the presentation of his defense. Finnegan v United States, 204 F2d 105 (CA 8th Cir) (1953); United States v Lotsch, 102 F2d 35 (CA 2d Cir) (1939). *If the Government's position here is correct, this basic principle has little validity, as its contention means that accused's right to remain silent with respect to one or more of the offenses charged vanishes upon the showing of an incidental connection between it and the crime concerning which he desires to speak.* Cf. United States v Johnson, supra. In short, if, as here, an accused is charged with both murder and adultery, *the fact that the latter offense bears in any way upon the former means that the defendant must be willing judicially to confess the lesser crime in order to defend against the greater.* We do not believe the Government's privilege extends so far. *Where it has chosen to make the motive for a murder the subject of a separate count, it must be held to have foregone its right to cross-examination with respect to that count unless, of course, the accused voluntarily extends his testimony to its allegations.*" [Emphasis supplied.]

Except for the different nature of the offenses charged, precisely the same situation is presented here. Accused elected expressly to limit his testimony

to the offense of burglary and defended against it on the basis that he did not enter the premises with the requisite criminal intent. At no time did he touch upon the elements of the offense of larceny, nor extend his testimony to that charge. To the contrary, in response to the carefully framed questions of his defense counsel, he did no more than to disclaim an intent to steal *at the time of his criminal entry into the motel*. Such a statement in no way bears upon the separately punishable charge of larceny committed after his entry. Indeed, we have held an almost identical denial of the requisite intent to raise an issue of the lesser crime of unlawful entry quite without regard to the fact that the accused, after his entry, formed the intent to steal and, in fact, stole various items, for which he was duly convicted of larceny. See United States v Kuefler, 14 USCMA 136, 33 CMR 348. Thus, it is crystal clear that, here, regardless of the connection between the charges of burglary and larceny, and as in the *Marymont* case, supra, the accused was privileged to limit his testimony to the former charge and could not be deprived of that right by the Government's choosing also to allege the separately punishable theft count.

Turning to the rationale of the principal opinion, it is at once evident that it goes astray in concluding the accused denied the intent to steal, as an element of larceny. Quite the contrary is apparent, for, as noted above and, indeed, in its own quotation of the record, that testimony was given *only* in response to the prefatory inquiry *"When you entered this motel"*

(emphasis supplied) and is to be considered in no other light. Compare United States v Kuefler, supra. Thus, I am constrained to disagree with Judge Kilday's conclusion that United States v Marymont, supra, may be distinguished—as opposed to being overruled—on the ground that the accused here voluntarily extended his testimony to the charge of larceny. That circumstance was present in United States v Kauffman, 14 USCMA 283, 34 CMR 63; United States v Miller, 14 USCMA 412, 34 CMR 192; and United States v Kelly, supra, but it is not borne out by the record in this case. The truth of the matter seems to be that my brothers regard the Manual rule as an aberration in the law and, despite our contrary holding in *Marymont*, supra, are determined to allow the Government to demand a judicial confession to one crime as the price for defending against the other, if the two charges are in any way intertwined. I believe, however, that the privilege to limit one's testimony to less than all the charges against them is, in light of the broad joinder permitted in court-martial trials, soundly conceived. It was so considered when we decided United States v Marymont, supra, and I have not been convinced that we then erred. I, therefore, record my disagreement with the disposition which the majority make of this appeal.

I would reverse the decision of the board of review and return the record of trial with directions to reassess the sentence on the burglary charge or direct a rehearing on the larceny count and the penalty.