**UNITED STATES**

v.

**Private (E–2) Tony L. FIRST, 500–62–1947, US Army, Headquarters and Headquarters Company, 2d Battalion, 47th Infantry, 9th Infantry Division, Fort Lewis, Washington.**

CM 433692.

U. S. Army Court of Military Review.

Sentence Adjudged 22 May 1975.

Decided 27 Feb. 1976.

Appellate counsel for the Accused: CPT John C. Carr, JAGC; CPT John R. Osgood, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate counsel for the United States: CPT Richard A. Kirby, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

BAILEY, Senior Judge:

The appellant was tried by a military judge, sitting as a general court-martial, for the offenses of robbery and obstructing justice in violation of Articles 122 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 934. Having been found guilty of robbery and acquitted of obstructing jus-

tice, the appellant was sentenced to forfeit $280.00 pay per month for twelve months, to be confined at hard labor for twelve months, to be discharged from the service with a bad-conduct discharge, and reduction to the grade of Private E–1. The convening authority, in otherwise approving the sentence, reduced the confinement at hard labor to ten months and suspended the bad-conduct discharge for the period of confinement and six months thereafter.

Before us, as at the trial level, the appellant contends that he was denied a speedy trial because he was held in pretrial confinement for 101 days. The question presented, therefore, is whether the government refuted the presumptive violation of Article 10, Code, *supra*, 10 U.S.C. § 810, imposed by *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), by meeting its heavy burden to show diligence.

Most of the relevant facts are contained in a stipulation admitted into evidence in conjunction with the appellant's motion below to dismiss the charges for lack of a speedy trial. A few of the significant events set forth therein and the attendant delays merit noting here. The stipulation indicates that charges were initially preferred against the appellant on 12 February 1975, the day after he was placed in pretrial confinement. On 25 February 1975 (12 days delay), the charges and allied papers were received by the summary court-martial convening authority and referred to the courts and boards office for administrative review. It was not until 14 March 1975 (17 days delay), that the charges were forwarded to, and received at the office of the staff judge advocate of the general court-martial convening authority. In so forwarding the charges, the brigade commander recommended trial by a special court-martial authorized to adjudge a bad-conduct discharge. On 17 March 1975, trial defense counsel made a specific request in writing for a speedy trial or dismissal of the charges. The request was denied, and on 24 March 1975 (10 days delay), the charges were returned to the brigade commander, directing investigation of the charges under Article 32, Code, *supra*. On 26 March 1975,

the Article 32 investigating officer was appointed and his report was submitted to the brigade commander on 17 April 1975 (22 days delay). On 23 April 1975, the brigade commander forwarded the charges to the general court-martial convening authority, recommending trial by general court-martial. The charges were received at the office of the staff judge advocate on 24 April 1975. On 30 April 1975, the staff judge advocate's pretrial advice was submitted to the convening authority. On that same date the charges were referred for trial by a general court-martial and the case was set for trial on 6 May 1975. On 5 May 1975, on motion of the government, the case was removed from the docket to permit preferral and investigation of an additional charge (the obstruction of justice offense). On that same date the Article 32 investigation officer was appointed and his report was submitted to the brigade commander on 15 May 1975 (10 days delay). On that same date the charges were forwarded to the staff judge advocate who, in turn, prepared and submitted his pretrial advice to the convening authority. On 16 May 1975, the charges were referred for trial by a general court-martial and the case was set for trial on 22 May 1975.

The government contends that the commission of an intervening offense was an extraordinary circumstance which contributed to the delay and automatically authorized deferment of the original charge. (*Citing United States v. Ward*, 23 U.S.C.M.A. 391, 50 C.M.R. 273, 1 M.J. 21 (1975); *United States v. Johnson*, 23 U.S.C.M.A. 397, 50 C.M.R. 279, 1 M.J. 101 (1975)). The Government also contends that the appellant's own interference with the government's ability to try him should estop him from raising the shield of Article 10 in his own behalf. We disagree.

In *United States v. Burton, supra*, the United States Court of Military Appeals held that:

"[A] presumption of an Article 10 violation will exist when pretrial confinement exceeds three months. In such cases, this

presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed." (21 U.S.C. M.A. at 118, 44 C.M.R. at 172).

Also, of significant applicability here is what the court there had to say where, as here, demand for a speedy trial is made:

"Similarly, when the defense requests a speedy disposition of the charges, the Government must respond to the request and either proceed immediately or show adequate cause for any further delay. A failure to respond to a request for a prompt trial or to order such a trial may justify extraordinary relief. See *Petition of Provoo,* D.C., 17 F.R.D. 183, 200 (1955), affirmed, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955)." (21 U.S.C.M.A. at 118, 44 C.M.R. at 172).

In the instant case it is readily apparent that a heavy burden was placed on the government to show that it had diligently pursued prosecution of the case. For, as earlier noted, on 17 March 1975, trial defense counsel made a specific request that the appellant be afforded a speedy trial or in the alternative, charges should be dismissed, and yet the appellant was not brought to trial until 22 May 1975, 66 days later. As depicted in the record, the case was scheduled for hearing on the 85th day of the appellant's pretrial confinement. On the day before the scheduled trial, the government apparently first learned of the additional charge. Yet it took 17 days before the appellant was brought to trial on both charges.

■ Where, as here, an accused's case involves separate sets of charges occurring on different dates, each set has a different starting time for the purpose of determining the government's burden under the decision of *United States v. Burton, supra.* This determination of separability for the purpose of computing the government's accountability has long been recognized by the United States Court of Military Appeals. *See United States v. Marell,* 23 U.S. C.M.A. 240, 49 C.M.R. 373 (1974); *United States v. Mosley,* 22 U.S.C.M.A. 515, 47 C.M.R. 932 (1973); *United States v. Mohr,* 21 U.S.C.M.A. 360, 45 C.M.R. 134 (1972); *United States v. Mladjen,* 19 U.S.C.M.A. 159, 41 C.M.R. 159 (1969).

Of significant applicability here, is what was said in *United States v. Ward,* 23 U.S. C.M.A. 391, 394, 50 C.M.R. 273, 276, 1 M.J. 21, 23 (1975):

"When different charges become known, or are committed at different times, two procedural principles are operative. The first is the Manual policy that all known offenses 'should be tried at a single trial.' Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 31*g.* *The second is that every charge must be speedily brought to trial. This case and others that have come to our attention since Johnson* convince us that while the Manual policy on joinder of offenses may provide advantages to the accused as well as the Government, he, not the Court, is better able to judge whether those advantages outweigh for him the disadvantages of postponement of trial on the original charges. However, preference as to a particular course of proceeding is not the frame of reference for the Court. The Manual provision is only a statement of policy; the speedy disposition of charges for which an accused is confined is a command of Congress. When a provision of the Manual collides with a provision of the Uniform Code, the former must yield to the latter. *United States v. Smith,* 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962); *United States v. Davis,* 11 U.S.C. M.A. 407, 29 C.M.R. 223 (1960). We conclude, therefore, that the intercession of a new charge does not automatically authorize deferment of the trial of the original charges for which the accused had been confined. As more than 90 days elapsed before the accused was brought to trial on the original charges, and he did not, as noted earlier, request delay, and no extraordinary reasons justified delay, the *Burton* presumption was operative, and the original charges should have been dismissed."

The commission of intervening offenses and the preferral of additional charges may, in a particular case, amount to such an extraordinary circumstance as to justify delay beyond 90 days in bringing an accused to trial. *United States v. Huddleston*, 50 C.M.R. 99 (A.C.M.R.1975); *United States v. O'Neal*, 48 C.M.R. 89 (A.C.M.R.1973). *See United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).

■ In the instant case, although serious, as alleged, the intervening offense was not so complex as to amount to an extraordinary circumstance. The few witnesses involved were locally assigned and readily available. More importantly, it is to be noted that rather significant delays had occurred before the intervening offense was committed. These delays, having been earlier set forth in some detail, need not now be repeated. Suffice it to note here that, notwithstanding the request for a speedy trial which was made on 16 March 1975, the charges were not referred for trial until 44 days later (30 April 1975). These unexplained delays, when combined with the 17 days required to process the additional charge and viewed against the backdrop of a request for a speedy trial, serve to show that the government's activity in bringing the appellant to trial falls far short of demonstrating that degree of diligence which would obviate the sanction of dismissal of the charges as enunciated in *United States v. Burton, supra.* We find, therefore, that the government did not meet its heavy burden to show diligence in prosecuting the case.

Accordingly, the findings of guilty and the sentence are set aside and the charge is dismissed.

Judge COOK and Judge DeFORD concur.