**UNITED STATES**

v.

**Airman Robert E. LEWIS, FR 452–27– 5803, United States Air Force.**

**ACM S24936.**

U. S. Air Force Court of Military Review.

Decided 31 Oct. 1980.

Sentence Adjudged 13 Feb. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain David A. Bateman, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain John B. Southard, Jr., USAFR.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

An additional charge against the accused was referred to trial after he had been arraigned. Appellate defense counsel assert that this violated Manual for Courts–Martial, 1969 (Rev.), paragraph 65*b*, and therefore the findings of guilty to that charge should be set aside. We agree that the action was improper; however, we decline to set aside the finding since the accused was not prejudiced thereby.

The accused was arraigned at trial by special court–martial on charges of making a false claim, larceny and absence without leave (AWOL), violations of Articles 132, 121 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 932, 921, 886. Before a military judge alone, he pleaded not guilty to making a false claim and larceny, but guilty to the AWOL. During questioning by the judge as to the providence of the plea, it came to light that although he was charged with being absent from Sheppard Air Force Base, Texas, he was actually absent from Seymour Johnson Air Force Base, North Carolina.[1]

At that point the judge recessed the trial. When it was recalled to order several hours later, the trial counsel submitted an additional charge of AWOL from Seymour Johnson Air Force Base[2] for the same period of time. The new charge had been sworn to and referred to the court for trial along with the original charges.

Defense counsel indicated that the accused would plead guilty to the Additional Charge. He then stated, "[the accused] was supposed to be somewhere and he wasn't there, and he is not contesting that, he's not trying to get out of it on a legal loophole of any kind." The judge explained to the accused that he could not be brought to trial, over his objection, within three days.[3] At that time the accused himself answered, "I wish to go today, sir." He was then asked if he was "proposing to plead guilty" to the new charge and counsel stated that he was. The judge proceeded with a thorough *Care*[4] inquiry and thereafter found him guilty of the Additional Charge.

Appellate defense counsel now contend that the Additional Charge was improperly referred to trial after arraignment and

1. The accused had departed Sheppard Air Force Base on the way to a new assignment overseas with temporary duty at Seymour Johnson Air Force Base. He never reported to Seymour Johnson Air Force Base. When he returned to military control some six months later, he was sent back to Sheppard Air Force Base for trial since that base had the responsibility to keep his record as to strength accountability. See *United States v. Pounds*, 23 U.S.C. M.A. 153, 48 C.M.R. 769 (1974).

2. The original charge of AWOL was not withdrawn, but findings of not guilty were later returned by the judge.

3. Article 35, Uniform Code of Military Justice, 10 U.S.C. § 835.

4. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

therefore, findings of guilty to that charge should be set aside.

The MCM, 1969 (Rev.), para. 65*b*, states that:

> After the arraignment of the accused upon certain charges, additional charges cannot be introduced at the same trial. However, additional charges can be introduced at any stage of the proceedings before the arraignment if all the usual pre–arraignment proceedings concerning those additional charges have been completed, including proceedings as to qualifying counsel and challenging and excusing the military judge and members of the court. In such a case, the accused may be arraigned on the additional charges as well as on the original charges, and the trial may proceed on both sets of charges. It is not necessary that any personnel of the court be resworn when additional charges are introduced. An application for a reasonable continuance should be granted.

The United States Court of Military Appeals discussed the quoted paragraph[5] in *United States v. Davis*, 11 U.S.C.M.A. 407, 29 C.M.R. 223 (1960). In that case a totally new but similar charge was brought in after arraignment and over the objection of the defense counsel. The Court found that because of the introduction of the similar offense near the end of the prosecution's case and the weakness of its presentation on the original charge as established by a subsequent partial acquittal, they could not say that the improper combination of charges did not result in unfair consideration of the new charge. Therefore, they found prejudice and reversed.

 We do not interpret *Davis* as requiring automatic reversal when this particular error is made. Otherwise the Court would not have found it necessary before requiring reversal to set out the specific

facts of the case to test whether prejudice was apparent. The Court has often held that a particular procedural error does not necessarily justify reversal of an otherwise valid conviction. *United States v. Napier*, 20 U.S.C.M.A. 422, 43 C.M.R. 262 (1971); *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970); *United States v. Cruz*, 10 U.S.C.M.A. 458, 28 C.M.R. 24 (1959), cf. *United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970). Reversal is not ordinarily required unless the purpose of the procedure is frustrated by what was done. *United States v. Nichelson*, 18 U.S.C.M.A. 69, 39 C.M.R. 69 (1968) and *United States v. Jenkins, supra*. Even where the erroneous procedure raises a presumption of prejudice, reversal is not required if it clearly and convincingly appears that no harm occurred to the accused. *United States v. Forwerck*, 12 U.S.C.M.A. 540, 31 C.M.R. 126 (1961) and *United States v. Allbee*, 5 U.S.C.M.A. 448, 18 C.M.R. 72 (1955). Therefore, we believe it is unnecessary to set aside a conviction of an additional charge brought after arraignment if it is clear from the evidence that the accused was not prejudiced in any way by the action. See *United States v. Natalello*, 10 M.J. 594 (AFCMR 1980).

The Army Court of Military Review in *United States v. Michaels*, 3 M.J. 846 (A.C. M.R.1977), analyzed a closely related circumstance where the defense, by exception and substitution, pleaded guilty to an accessory offense of the offense charged. The Court said that the accessory offense was a different offense, but that the offense was related, the accused was not misled in any manner, and he was protected from future jeopardy on the offense. Although they did not approve of the procedure followed, they stated that the accused's initiation of the charge and his failure to object at the trial waived any error from the defect.[6]

---

5. The change in the language between the Manual for Courts–Martial, 1951, and the present edition was made only for clarity. There was no intent to change the meaning as interpreted in *United States v. Davis*, 11 U.S.C.M.A. 407, 29 C.M.R. 223 (1960). See Analysis of Contents, Manual for Courts–Martial, United States, 1969, Revised Edition, page 11–4.

6. The court set aside the plea of the accused to the new charge as improvident and returned the charge for a new trial.

Under the MCM, 1969 (Rev.), para. 65*b*, as explained in *Davis*, we are satisfied that it was improper to bring the Additional Charge against the accused after arraignment. However, after making this finding, we must look, as the Court did in *Davis*, to the circumstances of the case itself to determine if the accused has been prejudiced in any way by the action.

The record reflects that the accused, prior to the introduction of the Additional Charge, intended to plead guilty to AWOL for the period alleged. The only change in the new charge was the place from which he was absent. The new charge reflected the organization which the accused stated he was to report to on the date the AWOL began. Clearly he was not misled in any way as the new charge reflected his own explanation of the absence.

The accused personally, and through counsel, expressed a desire to continue with the trial on all the charges. He waived the three day waiting period and entered a plea of guilty to the Additional Charge. This action in itself constitutes a waiver to the previous impropriety. MCM, 1969, (Rev.), para. 67*b; United States v. Michaels, supra* and *United States v. Clark*, 49 C.M.R. 192 (A.C.M.R.1974). Under the facts in this case, we find the improper combination of charges[7] did not result in prejudice to the substantial rights of the accused. Article 59(a), Code, 10 U.S.C. § 859(a), *supra*.

The remaining assignments of error are without merit. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and KASTL, Judge, concur.

---

7. See *United States v. Butler*, 3 M.J. 211 (C.M. A.1977), where the Court held a combined sentencing proceeding following separate special court–martial trials of two offenses held at request of defense counsel would be interfered with only to prevent a miscarriage of justice.