UNITED STATES

v.

Brian Jed LEE, 529 08 3770, Operations Specialist Seaman Apprentice (E–2), U. S. Navy.

NMCM 82 1281.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 Oct. 1981.

Decided 29 Nov. 1982.

LCDR Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LT John M. Feagan, JAGC, USNR, Appellate Defense Counsel.

LT Steven P. Benson, JAGC, USNR, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and KERCHEVAL and BARR, JJ.

BARR, Judge:

At an Article 39(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 839(a), session held on 20 October 1981, the appellant was arraigned on numerous charges which, although originally referred on 14 October, were not served on him until the day of this session. Appellant demanded his statutory three-day waiting period, as provided for in Article 35, UCMJ, 10 U.S.C. § 835, and trial was continued to reconvene on 29 October. Selection of forum was appropriately deferred.[1] When the court reconvened on 28 October, appellant elected trial by military judge, which request was approved. Thereafter, a charge sheet with a referral date of 24 October 1981 containing an additional charge was introduced to the court. The military judge correctly noted the attempt to add an additional charge after arraignment, advised appellant that this could not occur over his objection, and obtained appellant's consent to be tried on the original charges as well as the additional charge at a single forum. Following an extensive discussion with appellant concerning the ramifications of such consent, the military judge acceded to appellant's desire to be tried on the additional charge and again called upon appellant to plead. Appellant entered mixed pleas to the original charges and a guilty plea to the addi-

tional charge. Following the providence inquiry mandated by *United States v. Care*, 18 U.S.M.C.A. 535, 40 C.M.R. 247 (1969), and litigation of the offenses to which pleas of not guilty were entered, findings as to all charges, original and additional, were announced and sentence was adjudged. The findings of guilty, which included the additional charge, and the sentence were approved on review below.

Noting the apparent irregularity in the proceedings conducted on the additional charge referred after arraignment, we asked for briefs of appellate counsel setting forth arguments and citations on the following specified issues:

I

WHETHER TRIAL UPON ADDITIONAL CHARGES INTRODUCED AFTER ARRAIGNMENT UPON ORIGINAL CHARGES, IN VIOLATION OF PARAGRAPH 65b, MANUAL FOR COURTS-MARTIAL, 1969 (REV.), CAN BE WAIVED BY AN ACCUSED.

II

IF THE RESPONSE TO ISSUE I IS AFFIRMATIVE, WHETHER THE WAIVER PROCEDURES IN THE CASE SUB JUDICE WERE LEGALLY SUFFICIENT.

The subject of consolidation of a newly referred additional charge with charges as to which an accused has been previously arraigned is nowhere discussed in the UCMJ. The sole provisions relating to this issue are found in paragraphs 24b and 65b, *Manual for Courts-Martial, 1969 (Rev.) (Manual)*:

24b. *Additional charges.* New and separate charges · preferred after others have been preferred are known in military law as "additional charges." These ordinarily relate to transactions not known at the time or to offenses

---

1. As it is not necessary to our decision, we express no opinion concerning the legal import of arraigning an accused at a proceeding which

must be stayed due to the operation of Article 35, Uniform Code of Military Justice (UCMJ).

committed after the original charges were preferred. Charges of this character do not require a separate trial if incorporated in the trial of the original ones before arraignment, but necessary preliminary procedures for all charges must be completed. *See* 65*b*. Additional charges may not be incorporated in the trial after arraignment.

65*b*. *Additional charges.* After the arraignment of the accused upon certain charges, additional charges cannot be introduced at the same trial. However, additional charges can be introduced at any stage of the proceedings before the arraignment if all the usual pre-arraignment proceedings concerning those additional charges have been completed, including proceedings as to qualifying counsel and challenging and excusing the military judge and members of the court. In such a case, the accused may be arraigned on the additional charges as well as on the original charges, and the trial may proceed on both sets of charges. . . .

Appellate defense, relying on the prohibitory language of these provisions as well as the decision of the United States Court of Military Appeals in *United States v. Davis,* 11 U.S.C.M.A. 407, 29 C.M.R. 223 (1960), now assert that paragraphs 24*b* and 65*b* establish a jurisdictional bar to trial on an additional charge introduced in the same court after arraignment, that the purported waiver of appellant is therefore ineffective, and, in consequence, the proceedings conducted as to the additional charge are a nullity. The government has rejoined by contending that, as the referenced paragraphs merely announce a rule of procedure, and thus are not possessed of a jurisdictional dimension, the rights created therein can be waived. The government relies on a recent decision of this Court, *United States v. Cantler,* No. 82 1410 (N.M. C.M.R. 13 July 1982), which, although considering a different set of facts,[2] concluded at page 2 of the opinion that paragraph 65*b,*

*Manual,* "involves no jurisdictional requisites, and therefore may be waived and/or noncompliance with them may be tested for specific prejudice." For reasons to be enunciated, we concur with the rationale in *Cantler* that paragraph 65*b,* and hence, 24*b,* establish a rule of practice to govern trials by court-martial promulgated by the President pursuant to Article 36, UCMJ, 10 U.S.C. § 836, and are not jurisdictional in nature. *United States v. Davis, supra* at 408, 29 C.M.R. at 224.

The strongest argument which can be advanced in support of finding paragraphs 24*b* and 65*b* to be jurisdictional is by reference to their very language. Each paragraph declares, with apparent unmistakable clarity, a prohibition against introducing additional charges at trial after arraignment upon other charges. There is absent within either paragraph any specific provision for waiver of this rule by an accused or for permitting trial at variance with this rule with the consent of the accused. Nor can it be maintained that application of the concept of waiver can be inferred from, or is suggested by, the language employed in stating the rule. For example, paragraph 65*a, Manual,* makes explicit provision for an accused to waive the reading of the charges incident to arraignment. Paragraph 29*e, Manual,* infers the right of an accused to waive the right to be tried on sworn charges. The salient argument, therefore, is that if the President, in establishing a rule couched in words of clear prohibition, intended that rule to be subject to waiver or consent, language which disclosed such intent as a matter self-evident or as a matter of logical inference would have been chosen.

The answer to whether we are dealing with a jurisdictional rule or a method of practice is found, however, not in the language of the *Manual* provisions governing the rule, but in the holding of the U.S. Court of Military Appeals in *Davis.* What is eminently clear from the legislative histo-

---

**2.** *United States v. Cantler,* No. 82 1410 (N.M. M.R. 13 July 1982), involved an initial arraignment based on what the trial court considered to be an improper referral. A subsequent arraignment and the consent of Cantler to proceed were held to cure the error.

ry of the current statement of paragraphs 24b and 65b is that these provisions were the result of substantial redrafts of their predecessors as contained in *Manual for Courts-Martial, 1951,* (1951 *Manual*) in order that "Manual Law" might comport with the decision in *Davis. See* Analysis of Contents, Manual for Courts-Martial (1971), D.A. Pamphlet No. 27–2, Chapters 6 and 11 (Analysis). The nature and scope of the rule must therefore be obtained solely from *Davis,* the genesis of the present rule.

In *Davis,* the Court of Military Appeals construed the first two sentences of paragraph 65b, 1951 *Manual,* to be ambiguous in intent and contradictory in result.[3] Relying in part on the procedure established by "ancient military practice," *see* Winthrop, Military Law and Precedents, (2d ed. reprinted 1920), page 156, the Court reconciled the perceived ambiguity with the following interpretation:

> We believe, however, that the paragraph, read in its entirety, is intended to prohibit the introduction of new charges following accused's arraignment. At the same

time, its second sentence points out that it is permissible for such charges to be brought to the attention of the court-martial at any time up to accused's arraignment, provided the proceedings preliminary to that point are had with respect to the additional allegations. Thus read, the apparent conflict between the Manual's provisions disappears, and an entirely coherent thought is presented. On the other hand, if the government's position (that paragraph 65b authorizes introduction of an additional charge following arraignment on original allegations) is adopted, the prohibition against introduction of new charges contained in the first sentence of the paragraph becomes meaningless. Certainly, that was not the result intended by the drafters. *United States v. Davis, supra* at 408, 29 C.M.R. at 224.

Whether or not such interpretation was indeed consistent with the legislative history of paragraph 65b, 1951 *Manual,*[4] need not detain us, for it is clear that the substantive interpretation of 24b, enunciated in

---

**3.** After the accused has been arraigned upon certain charges, additional charges, which the accused has had no notice to defend regarding which the right to challenge has not been accorded him, cannot be introduced, nor may the accused be required to plead thereto. However, if all the usual proceedings prior to arraignment are first had with respect to such additional charges, including proceedings as to qualifying counsel and excusing and challenging the law officer and members of the court, such charges may be introduced, the accused may be arraigned on them, and the trial may proceed on both sets of charges as the trial of one case. Paragraph 65b, *Manual for Courts-Martial, 1951.*

**4.** It is clear that the practice in the United States Army prior to 1951 prohibited trial on an additional charge introduced after the members were sworn, which was the step immediately prior to arraignment. *See* Winthrop, Military Law and Precedents (2d ed. reprinted 1920), page 156; Dehart, Military Law (1864), page 102. However, the practice in the U.S. Navy was to the contrary. The regulations governing practice in naval courts-martial provided that additional charges desired to be joined with other charges into one trial "do not require a separate trial, but, subject to the usual procedure, may be tried with the original charges if submitted to the court before the

sentence is adjudged. Otherwise the convening authority by ordering separate trials, multiplies the limit of punishment a summary court or deck court is authorized to impose." *Naval Courts and Boards, 1937,* Section 21; *see also, Naval Justice,* Section 9–12. *United States v. Davis,* 11 U.S.C.M.A. 407, 29 C.M.R. 223 (1960), therefore relied on "ancient military practice," but ignored that prevailing in the naval service, even though also "ancient." The Court also apparently disregarded the legislative history of paragraphs 24b and 65b, *Manual for Courts-Martial, 1951,* for that history makes clear that the rules expressed were an attempt to seek accommodation between the conflicting service rules. *See* Legal and Legislative Basis, Manual for Courts-Martial, 1951, paragraph 24 b:

> No limitation has been placed on the time when additional charges may be referred for trial to the court before which the original charges are pending. As a practical matter, additional charges should not be referred for trial by the same court if the prosecution has rested its case as to the original charges. It would be futile to try additional charges with the original charges if the sentence has been announced as to the original charges as the court cannot reconsider that sentence with a view to increasing its severity.

*Davis* was thereafter specifically adopted as the explication of law on this procedure when the *Manual* was revised in 1969. *See* Analysis, *supra.* As a provision of the 1969 *Manual,* the *Davis* interpretation has the force of law and is therefore binding upon military trial courts. *United States v. Smith,* 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962). If, therefore, the *Davis* interpretation of paragraph 65*b* is binding, with the result that error follows for failure to comply with the provision as interpreted, arguably, too, should be the Court's discussion of the rule and its disposition of the case in light of the error. It is here that we find appellant's reliance upon *Davis* misplaced.

Initially, we note that the Court in *Davis* repeatedly addressed the fact that it was dealing with the "procedure" established by paragraph 65*b.* It also strongly inferred that the "scheme of procedure" set forth in paragraph 65*b* was in fact part of military "adjective law of courts-martial" promulgated pursuant to Article 36, UCMJ. *United States v. Davis, supra* at 409, 29 C.M.R. at 225. We need not, however, rely upon the selection of particular words to determine the ultimate question of whether paragraph 65*b* establishes a rule of procedure or one of jurisdiction.

We refer to the Court's disposition of the error in *Davis.* Unable to conclude that consolidation of the additional charge with the original charges did not result in unfair consideration of the additional charge, the Court found prejudice to Davis to be apparent, and reversed.[5] If a jurisdictional bar to trial on the additional charge after arraignment was erected by paragraph 65*b,* as interpreted, it would have been not only unnecessary, but also wholly impermissible, for the Court to enter into a consideration of whether or not prejudice inured to Davis as a result of the declared improper practice. It is hornbook law that an error affecting jurisdiction mandates automatic reversal, regardless of the presence or absence of prejudice. We, therefore, conclude that paragraph 65*b,* and its companion provision 24*b,* establish procedural rules only and do not touch the jurisdiction of the court to try additional charges introduced into the proceedings after arraignment.

■ Does appellant's trial on the additional charge in the case *sub judice* require us to test for prejudice as was done in *Davis?* We think not. The test for prejudice would arise in those circumstances where the procedural rule was violated over the objection of an accused, or where, from the context of the proceedings, the inaction of the accused in failing to object cannot be equated to a waiver of the right afforded by the procedure. Neither circumstance is present in this case. On the contrary, and as distinguished from a waiver, we find an *affirmative consent* by appellant to be tried on all charges, original and additional, at a single forum. *See United States v. Young,* 2 U.S.C.M.A. 470, 9 C.M.R. 100 (1953) (discussing the distinction between waiver of rights and consent).

The military judge *sua sponte* addressed the issue of this procedural irregularity to appellant, advised appellant that his right to avoid consolidation was absolute, and even readvised appellant of his rights to, and permitted him to select anew or reaffirm his selection of, counsel and forum. Notwithstanding this most guarded approach by the military judge in proceeding forward with trial on the additional charge, appellant persisted in his desire to consolidate all offenses in one proceeding, rather than, we must conclude, face the prospect of a separate and later proceeding on the additional charge, with attendant separate punishment. The circumstances of this case establish that appellant affirmatively and knowingly relinquished his right under paragraph 65*b* to avoid consolidation of charges subsequent to arraignment and thereby consciously consented to be tried on the additional charge. In the face of such positive evidence of consent, we need not test for prejudice. *Volenti non fit injuria.* ("He who consents cannot receive an injury.").

---

5. We note that the accused in *Davis* was tried on the additional charge over his objection.

We therefore hold that paragraphs 65*b* and 24*b* establish rules of procedure to guide the practice of trials by court-martial and, as such, are not jurisdictional in nature. Trial of an accused on additional charges introduced after arraignment on other charges, over an accused's objection, is error and would be subject to a test for prejudice. The test for prejudice would also be applied where a purported waiver arises solely from inaction, that is, failure of an accused to object to consolidation attempted in violation of paragraph 65*b*. Where, however, an accused is clearly advised of his right to avoid such consolidation, and thereafter affirmatively and knowingly consents to such procedure, neither error nor prejudice will be deemed to flow from proceedings had thereon which would be consistent with his decision.

As a separate matter, we note that the convening authority approved and purported to order executed the entirety of the sentence which, after making provision for partial suspension of confinement and forfeitures, left as subject to the order of execution an unsuspended bad-conduct discharge. This action was approved by the supervisory authority. This premature order of execution is in violation of Article 71(c), UCMJ, 10 U.S.C. § 871(c). That portion of the action which purports to order the bad-conduct discharge executed is illegal and thus a nullity. As approval of the sentence is divisible from the order of execution, the illegal order of execution does not render the approval illegal. *United States v. McLemore*, 9 M.J. 695 (N.C.M.R. 1980) (*en banc*).

The summary assignment of error asserting the punishment with respect to the punitive discharge to be inappropriately severe is wholly lacking in merit. This Seaman Apprentice was convicted of disrespect to an officer and a chief petty officer, disobedience of the orders of an officer and a petty officer, resisting apprehension, escaping from custody, using provoking words, assaulting a petty officer, and communicating threats to an officer, a chief petty officer, and a petty officer. In addition, his record discloses a prior summary court-martial and two nonjudicial punishments. We specifically find a bad-conduct discharge, without benefit of suspension, to be just and appropriate.

Accordingly, the findings and the sentence as approved on review below are affirmed.

Senior Judge ABERNATHY and Judge KERCHEVAL concur.