OPINION OF THE COURT
MARDEN, Senior Judge:
Pursuant to his pleas, appellant was convicted of two specifications of absence without leave, failure to repair, willful disobedience of the order of a superior commissioned officer, and drunk and disorderly in command, in violation of Articles 86, 91, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, and 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $382.00 pay per month for three months, and reduction to the grade of Private E-l.
I
Appellant contends the court lacked jurisdiction to try him, inasmuch as there was a failure to properly detail the military judge who tried the case. While a failure to properly detail a military judge to a court-martial is fatal to that court’s jurisdiction, see United States v. Ware, 5 M.J. 24 (C.M.A.1978); United States v. New-comb, 5 M.J. 4 (C.M.A.1978), such is not the case here. In this case we have a series of administrative errors. One of the original court-martial convening orders (CMCO), No. 216, referred to the case as a general (vice special) court-martial. The corrected copy of CMCO No. 216 corrected the foregoing error but added a new error in that the name of the accused was misdesignated. This bespeaks a lack of attention to detail.[1] While we deplore the failure to prepare proper orders and modifications thereto, we must also consider the fact that errors such as those made in this case are, at least in part, caused by the statutory requirement that each court-martial must be individually created and proper orders issued. In this case, it is clear beyond cavil that the convening authority intended Judge Ryker to sit on appellant’s case, this was known to all parties, including appellant, and all acted accordingly. Such minor administrative errors are not a sufficient basis for depriving the court-martial of jurisdiction. United States v. Glover, 15 M.J. 419 (C.M.A.1983); United States v. Smiley, 17 M.J. 790 (A.F.C.M.R.1983); United States v. Shepardson, 17 M.J. 793 (A.F.C. M.R.1983).
II
Appellant also submits that the military judge erred in permitting the introduction of Additional Charge III and its Specification after his initial arraignment. Paragraph 24 b, Manual for Courts-Martial, United States, 1969 (Revised edition) (hereinafter MCM, 1969), provides additional charges may not be incorporated in the trial after arraignment. In this case, appellant was arraigned a second time and the charge in question added. We find such procedure to be error.
While we recognize this procedure was used to promote judicial economy by avoiding a second trial on the absence without leave charge, we cannot ignore the specific language of the Manual for Courts-Martial. However, we find this procedural error was not prejudicial. United States v. Lewis, 10 M.J. 596 (A.F.C.M.R.1980). Appellant’s trial defense counsel did not object to the procedure in question inasmuch as it saved his client the probability of having two court-martial convictions,[2] and the possibili *514 ty of serving a separate, consecutive sentence. Here, trial defense counsel acquiesced in having this Additional Charge and Specification disposed of in a proceeding before a court-martial with limited sentencing authority. Further, he negotiated a favorable pretrial agreement for his client and in a real sense protected his client’s interests.[3] Under these circumstances, we should not expect any objection from counsel to the discussed procedure.
Accordingly, we decline to accede to appellant’s request to set aside the findings of guilty with respect to Additional Charge III and its Specification and order their dismissal. In our judgment, appellant’s reliance on United States v. Davis, 11 U.S.C.M.A. 407, 29 C.M.R. 223 (1960), is misplaced as that case is clearly distinguishable.
Ill
Appellant also contends the military judge erred to the substantial prejudice of the appellant by admitting and considering a stipulation of fact which contained evidence of uncharged misconduct explanatory of a charged offense. His arguments in this area are two-pronged. First, the military judge neither advised appellant of his right not to agree to the stipulation nor of his right to withdraw from the stipulation. Secondly, the admission of the stipulation prejudiced the appellant on sentencing because it recites damaging information not necessary to the consideration of the offense.
While it might have been better procedure for the military judge to have advised the appellant of his right not to stipulate and his right to withdraw, the use of such procedure sua sponte is not required. Paragraph 54/ MCM, 1969, indicates a stipulation should not be received in evidence if any doubt exists as to the accused’s understanding of what is involved. The record is devoid of any evidence of such doubts. Additionally, as indicated before, we are satisfied appellant was represented by a competent trial defense counsel.
Further, appellant’s arguments overlook the realities of the case. The pretrial agreement negotiated in this case specifically required the stipulation as a part of the bargain. Appellant’s refusal to stipulate or a withdrawal from the stipulation would have negated the obvious defense strategy in this case. Appellant’s attempt to assimilate the requirements of United States v. Bertelson, 3 M.J. 314 (C.M.A.1977), into a negotiated guilty plea ease is to twist the philosophy of that case beyond recognition.
The matter of what evidence may properly come before a court in sentencing has been addressed numerous times. The lodestar in this area is the holding of the United States Court of Military Appeals in United States v. Vickers, 13 M.J. 403, 406 (C.M.A.1982), that:
[Rjegardless of the plea, the prosecution ... may present evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority.
However, the point in issue in Vickers was the right of the Government to present evidence in aggravation in a contested case. While Chief Judge Everett’s holding in that case does state “regardless of the plea,” he addresses a situation in an attempt to equalize what is permissible in aggravation in both contested and uncontested cases.
This Court recently in United States v. Castleberry, 18 M.J. 826 (A.C.M.R.1984), extensively discussed the use of pretrial agreements. Chief Judge Suter, writing for the Court, indicated that pretrial agree- *515 merits are commonly upheld unless an appellant has bargained away a fundamental right or otherwise abridged the right to a fair trial. Similarly, Chief Judge Everett in United States v. Mitchell, 15 M.J. 238, 241 (C.M.A.1983) (Everett, C.J., concurring), indicated that “some flexibility and imagination in the plea-bargaining process have been allowed by our Court.” We also held in United States v. Sharper, 17 M.J. 803 (A.C.M.R.1984), that the Government may require an accused, pursuant to a pretrial agreement, to stipulate to the aggravating circumstances of which he has been found guilty.
In the absence of a clear violation of the United States Court of Military Appeals’ holding in Vickers, supra, all parties should understand and respect the decision of the parties to the agreement as to what facts and circumstances are necessary to make appropriate authorities understand the offense or its repercussions.
In this case, the stipulation in question clearly does not violate the Vickers standard.
IV
Finally, appellant, through his counsel, raises the issue of sentence appropriateness. United States v. Grostefon, 12 M.J. 431 (C.M.A.1982). We have carefully reviewed the record and are satisfied that the sentence is appropriate.
Accordingly, the findings of guilty and the sentence are affirmed.
Judge PAULEY and Judge WERNER concur.

. We note other corrections in CMCO No. 236, again necessitating a corrected copy of that order.

. We note the ease of proof in the overwhelming majority of absence without leave cases. The Government normally need only present two self-authenticating official records showing the inception of the absence without leave and the return to military control. The allied pa *514 pers in the record of trial indicate the availability of the two pertinent DA Form 4187’s.

. It is highly probable that if counsel succeeded in having Additional Charge III and its Specification withdrawn, and had appellant been subsequently tried and convicted on that charge, that counsel would be attacked for inadequacy. Courts must recognize the realities of the trial forum and allow trial defense counsel to protect the true interests of his or her client without fear of attack for inadequacy.