**UNITED STATES, Appellee,**

v.

**Specialist Five (E–5) Kenneth D. MICHAELS, SSN 046–42–7132, United States Army, Appellant.**

**CM 434874.**

U. S. Army Court of Military Review.

6 July 1977.

Captain Richard A. Pearson, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Major Benjamin A. Sims, JAGC.

Captain Nancy Battaglia, JAGC, argued the cause for the appellee. With her on the brief were Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Captain Richard A. Kirby, JAGC.

Before JONES, Senior Judge, and De-FORD and FELDER, JJ.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of two counts of larceny and two counts of accesso-

ry after the fact in violation of Articles 121 and 78, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 878. We are reviewing the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866. The appellant has assigned several errors which we will discuss.

The appellant was charged with six specifications of larceny of food items from the club system in Korea. He pleaded guilty to four of the offenses in accordance with a pretrial agreement and the remaining two were dismissed by the convening authority. The military judge determined that two of the pleas to larceny were improvident whereupon the appellant amended his pleas as to those offenses to pleas of guilty by exceptions and substitutions to the offenses of accessory after the fact to larceny. All pleas were then accepted.

## I

The appellant maintains his pleas were improvident because his testimony raised the defense of coercion. We disagree. The appellant's testimony at most raises only the possibility of such a defense. This is insufficient to improvidence the plea. *United States v. Logan,* 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973).

Twice during the guilty plea inquiry the appellant stated that he was "afraid" and "scared" when dealing with the Koreans and when participating in the thefts. At no time, however, did he say he was afraid for his safety or scared of immediate harm to his person. Such fear is not reasonably inferred from his testimony. No threats were ever made to him by the Koreans. They told him they were watching him, to keep his mouth shut, and not to worry about anything. Rather than being threats, these statements appear to be nothing more than reassurances to appellant to allay his fears of being discovered. He cannot now on appeal convert the fear of being caught in the larceny scheme into a fear of injury raising the defense of coercion.

## II

The appellant contends his pleas to the two larceny offenses were improvident because his role in the scheme was not sufficient to make him a principal. Again we disagree. The appellant, a noncommissioned officer in charge of a warehouse in the club system, was entertained on several occasions by Koreans working in the system. The Koreans solicited the appellant to join in a scheme of stealing food. The appellant states he rejected each offer. Subsequently, the appellant discovered that thefts were occurring during a portion of the acquisition, transportation, and storage procedure for which he was responsible. His signature on false requisition forms facilitated the thefts. When he became aware of this, the Koreans paid him to keep quiet and to allow the thefts to continue. Appellant, therefore, by continuing to sign the forms, permitting the food to be diverted from the clubs by the Koreans without either preventing it or reporting it, and accepting money for his participation, became an aider and abettor who was equally liable as a principal.

## III

Appellant argues that his pleas by exceptions and substitutions to the accessory offenses were impermissible. He states that they resulted in his being convicted of different offenses from those charged; offenses that were not lesser included in the charges upon which he was arraigned; and offenses which were neither sworn nor referred to the court for trial by the convening authority.

The appellant is correct in stating that the accessory offenses were different from and not lesser included in the larceny charges upon which he was arraigned; and that the accessory charges were unsworn and were not referred to trial. On the other hand the appellant himself offered the substitute plea; the offenses were related; he was not misled in any manner in his defense; and he is protected from further jeopardy on the offenses. The convening authority, by approving an amendment to the pretrial agreement providing for the

change, in effect referred the modified charges to trial and provided the jurisdictional basis for the continued proceedings. While we do not approve the procedure followed in this case, we think appellant's initiation of the change and his failure to object at the trial waived any error from the defect. *United States v. Clark*, 49 C.M.R. 192 (A.C.M.R. 1974).

### IV

■ Another facet of the accessory offenses concerns whether appellant can be tried for a violation of Article 78, UCMJ, 10 U.S.C. § 878, when the principal actor is a person not subject to the Uniform Code. Article 78 provides:

"*Accessory after the fact*

Any person subject to this chapter who, knowing that an offense punishable by this chapter has been committed, receives, comforts, or assists the offender in order to hinder or prevent his apprehension, trial, or punishment shall be punished as a court-martial may direct."

Appellant argues that since the principal offender, a Korean, committed no offense punishable by the Code, his (the appellant's) actions could not be a violation of the Code. This point was settled several years ago by the Air Force Board of Review in *United States v. Blevins*, 34 C.M.R. 967, 979 (A.F. B.R. 1964), wherein the Board held the "offense punishable by this chapter" language of Article 78 referred to the nature of the criminal act, i. e., larceny, rather than to the status of the principal offender. We reaffirm that position.

### V

■ A final error concerns the language of the convening order which announced that a special rather than a general court-martial was convened. This clerical error has been satisfactorily corrected and presents no impediment to this court-martial.

The findings of guilty and the sentence are affirmed.

Judge DeFORD concurs.

FELDER, Judge, concurring in part and dissenting in part:

Specialist Five Kenneth D. Michaels, the appellant, was a club warehouse supervisor in the western corridor of the 2d Infantry Division in Korea. It was his responsibility to travel in trucks from Camp Howze to the commissary warehouse in Yongson to obtain food supplies for the clubs in the 2d Infantry Division. On those occasions relevant here, he was met at the commissary warehouse by Korean employees from Camp Casey, who also traveled by trucks to obtain supplies. The documents needed to receive the supplies were prepared at Camp Casey and carried to Yongson by the Korean employees for delivery to Specialist Michaels. It was his responsibility to sign the documents, which he never read, and to give copies of them to various commissary officials.

In at least four instances, the Koreans inserted bogus requests for supplies among the authentic documents. On two of those occasions, Specialist Michaels became aware at the commissary pick-up point that he had signed the bogus requests and that the trucks driven by the Koreans were loaded with excess supplies. Nevertheless, he permitted the trucks to depart the area and, as a result thereof, the excess supplies were diverted from Government use by the Koreans. Twice Specialist Michaels received about $150.00 remuneration for his role in the fraudulent scheme. Thus, he was convicted of two counts of larceny pursuant to his pleas of guilty.

With respect to the other two incidents, excess supplies were stolen in the same manner. However, Specialist Michaels was not aware that he had signed the fraudulent requests and that supplies had been stolen. He learned that the thefts were committed a day or so afterwards, when the Koreans paid him not to report the incidents to military authorities. Believing that his facilitating the thefts by negligently signing the requests for excess supplies and his failure to report the larcenies constituted a crime, Specialist Michaels pleaded

guilty to two larceny charges. The trial judge rejected the pleas as improvident because he was not satisfied that Specialist Michaels possessed the requisite criminal intent to support the larceny offenses.

He then pleaded guilty by exceptions and substitutions to two counts of accessory after the fact. The plea was accepted because Specialist Michaels admitted that after he learned that Government property was stolen by the Koreans, he accepted money as compensation for not reporting it.

I agree with the decision of the majority that Specialist Michaels' plea of guilty to larceny is provident. However, in my opinion, the same is not true with regard to accessory after the fact. I assume for the limited purposes of this appeal, it is permissible for Specialist Michaels to plead guilty to accessory after the fact as a substitute for the larceny charges.[1] Until recently it was fundamental in the law that absent a miscarriage of justice, a litigant who incites and leads a trial court into error will not be heard to either complain of that action or take advantage of it on appeal.[2]

An accessory after the fact is one who, knowing that an offense punishable under the Uniform Code of Military Justice (UCMJ) has been committed, thereafter receives, comforts or assists the offender by obstructing justice. *United States v. Marsh*, 13 U.S.C.M.A. 252, 32 C.M.R. 252 (1962); *United States v. Tamas*, 6 U.S.C. M.A. 502, 20 C.M.R. 218 (1955); Article 78, Uniform Code of Military Justice, 10 U.S.C.

§ 878. The assistance given the offender is not limited to helping him escape or concealing him, but includes those acts which are performed to conceal the commission of the offense. However, the mere failure to report a known offense will not constitute one as accessory after the fact. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 157. *See Boyett v. United States*, 48 F.2d 482 (5th Cir. 1931); *Lowe v. People*, 135 Colo. 209, 309 P.2d 601 (1957) (en banc).

The statutory definition itself implies that in order to be convicted as an accessory after the commission of the offenses, Specialist Michaels must have done an affirmative act to conceal the larcenies or otherwise aid the Koreans in avoiding the legal consequences of their criminal endeavor. *Gordon v. State*, 533 P.2d 25 (Alaska 1975); *State v. Clifford*, 8 Or.App. 494, 491 P.2d 1195 (1971). He has the right under Article 78, UCMJ, to remain silent; the fact that he received funds to invoke that right does not make him a transgressor of the Article. In my opinion, the pleas of guilty to accessory after the fact are improvident. The Uniform Code of Military Justice furnishes the Government with provisions to punish Specialist Michaels for his malfeasance and nonfeasance.[3] However, Article 78 is not one of them.

---

1. Senior Judge Jones concludes that the convening authority, by approving an amendment to the pretrial agreement, in effect referred the accessory after the fact charges to trial. I agree with his analysis. However, before arraignment, further or additional charges cannot be introduced at the same trial, unless the usual proceedings prior to arraignment have been completed covering those charges. *United States v. Davis*, 11 U.S.C.M.A. 407, 29 C.M.R. 223 (1960); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 65*b*. It would appear then that the charges were improperly before the trial court and the issues surrounding those charges on appeal may be disposed of on that basis.

2. *United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975), citing *United States v. Sikorski*, 21 U.S.C.M.A. 345, 45

C.M.R. 119 (1972); *United States v. Diaz*, 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972); *United States v. Brux*, 15 U.S.C.M.A. 597, 36 C.M.R. 95 (1966); *United States v. Beer*, 6 U.S.C.M.A. 180, 19 C.M.R. 306 (1955). The exception to this principle is when the trial judge abrogates his sua sponte responsibility to instruct on uncharged misconduct at the request of the defense. *United States v. Gruden*, 2 M.J. 116 (C.M.A., 1977).

3. See for examples Article 92, 10 U.S.C. § 892 (Derelict in duty by negligently signing fraudulent documents), Article 108, 10 U.S.C. § 908 (Suffering [through neglect] military property to be lost, damaged, destroyed, sold or wrongfully disposed), and Article 134, 10 U.S.C.A. § 934 (Bribery).