UNITED STATES, Appellee,

v.

Private First Class Wayne A. SHORES, SSN 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, United States Army, Appellant.

SPCM 18441.

U.S. Army Court of Military Review.

20 May 1983.

Colonel William G. Eckhardt, JAGC, Major Lawrence F. Klar, JAGC, and Captain Edmund S. Bloom, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Glenn D. Gillett, JAGC, Captain David A. Brown, JAGC, and Captain Edmond R. McCarthy, Jr., JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of aggravated assault and communication of a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1976). He was also charged with sale of marijuana, in violation of Article 134. He pleaded not guilty to the sale but guilty to a transfer of marijuana at the same time and place. The appellant's approved sentence provides for a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $367.00 pay per month for seventy-five days and reduction to the lowest enlisted grade.

The appellant was arraigned on a specification alleging that, at a specified time and place, he did "wrongfully sell 3.61 grams, more or less, of marihuana in the hashish form." He pleaded "Guilty, with the exception of the word, 'sell'; substituting therefor the word, 'transfer'; to the excepted word, Not Guilty; to the Specification with the substituted word, Guilty."

The appellant now contends that the military judge erred by accepting his plea of guilty to transfer of marijuana. We disagree. A bare allegation of sale, such as the specification in this case, does not aver the offense of transfer. *United States v. Maginley,* 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963); *see United States v. Fruscella,* 21 U.S.C.M.A. 26, 28, 44 C.M.R. 80, 82 (1971); *United States v. Long,* 2 M.J. 1054 (A.C.M.R.1976), *rev'd on other grounds,* 7 M.J. 342 (C.M.A.1979); *United States v. Smith,* 45 C.M.R. 619 (A.C.M.R.1972); *but see United States v. Foster,* 13 M.J. 558, 560 n. 2 (A.F.C.M.R.), *pet. denied,* 14 M.J. 224 (C.M.A.1982) (a specification could be drafted to charge the offense of sale as well as the included offenses of transfer and possession of the same drug).

However, in this case the appellant proposed the plea by exceptions and substitutions when he offered to enter into a pretrial agreement, and he again offered at trial to plead to transfer instead of sale. The appellant's actions are tantamount to an amendment of the specification on motion of the defense. Had such an amendment been proposed by the prosecution it would have been impermissible because it would have changed the nature of the offense and added an unsworn allegation of transfer. However, even if proposed by the prosecution, the resulting variance as well as the failure to swear the additional allegation could have been waived by the defense. *See United States v. Clark,* 49 C.M.R. 192 (A.C.M.R.1974); *see also United States v. Logan,* 13 M.J. 821 (A.C.M.R.), *pet. denied,* 14 M.J. 206 (C.M.A.1982); *but see United States v. Price,* 48 C.M.R. 645 (A.F.C.M.R.1974). Since the defense proposed the irregular plea, any error in accepting it was waived. Furthermore, any error in permitting the irregular plea was invited by the appellant. Ordinarily appellate courts will not grant relief for errors caused by granting a defense request. *See Dennis v. United States,* 341 U.S. 494, 500 n. 2, 71 S.Ct. 857, 862 n. 2, 95 L.Ed. 1137 (1951); *United States v. Parini,* 12 M.J. 679, 684

(A.C.M.R.1981), *pet. denied,* 13 M.J. 210 (C.M.A.1982).

■ The appellant also contends that the military judge erred by admitting a bar to reenlistment contained in the appellant's personnel records, because his personnel records do not reflect that the bar was reviewed after six months, as required by Army Regulation 601–280, *Personnel Procurement, Army Reenlistment Program* paragraph 1–35h (2) (1 July 1977). We find the assignment of error without merit. Although the regulation requires that a bar be reviewed periodically to determine if it should be removed, removal of the appellant's bar was precluded because, prior to the expiration of the six-month period, the appellant's records had been "flagged" as a result of his pending court-martial. The flagging action precluded all favorable personnel actions, including removal of the bar to reenlistment. *See* Army Regulation 600–31, *Personnel—General, Suspension of Favorable Personnel Actions for Military Personnel in National Security Cases and Other Investigations or Proceedings* paragraph 6a (2)(a) (1 November 1981). Accordingly, we find that the bar to reenlistment was properly retained in the appellant's personnel records.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.