UNITED STATES, Appellee,

v.

Sergeant Frank WILKINS, Jr.,
416–66–2727, United States
Army, Appellant.

ACMR 8802234.

U.S. Army Court of Military Review.

14 July 1989.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausk-

en, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before DeFORD, KENNETT,* and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Charged with eight specifications of larceny of audio and video equipment from an Army–Air Force exchange, the appellant, by exceptions and substitutions, pled guilty to and was convicted of eight specifications of wrongfully receiving stolen property in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. He was also found guilty, in accordance with his pleas, of false swearing in connection with a security clearance investigation, also in violation of the Article 134, UCMJ. His approved sentence includes a dishonorable discharge, confinement for eight years, reduction to the grade of Private E1, and forfeiture of all pay and allowances, but execution of the forfeitures in excess of $322.00 pay per month for eight years was suspended for two years, with provision for automatic remission.

## I

Because of the unusual manner in which the charges were purportedly referred to trial, the pleas were entered, and the findings were made, we specified the following issue:

> DID THE COURT HAVE JURISDICTION TO ENTER FINDINGS OF GUILTY BY EXCEPTIONS AND SUBSTITUTIONS TO THE CHARGE OF RECEIPT OF STOLEN PROPERTY WHEN THE CHARGE OF LARCENY WAS BEFORE THE COURT?

The record of trial reflects that the larceny specifications were referred to trial on 1 September 1988. On 8 September, appellant submitted a request for a pretrial agreement to the convening authority in which he offered to plead guilty to wrong-

fully receiving stolen property by exceptions and substitutions to the larceny specifications in exchange for a limitation on confinement. (He also agreed to plead guilty to false swearing). On 16 September, the convening authority accepted appellant's offer but did not specifically order that the stolen property charges be referred to trial. Likewise, the charge sheet was not endorsed, amended, or otherwise altered to indicate that the receipt of stolen property charges had been referred to trial. Trial was held on 30 September at which time appellant entered guilty pleas in accordance with his agreement with the convening authority. During his inquiry into the providence of appellant's plea, the military judge engaged in the following discussion with appellant and his counsel:

MJ: And, I take it, it is the conscious decision of the defense to enter a plea as to an offense to which the government has not entered a pleading and which not is—and which is not a lesser included offense?

DC: Yes, sir, it is.

MJ: So, it's the intent of the defense to enter a plea to an offense for which the accused is not even standing trial as reflected by the charge sheet?

DC: Yes, sir, that's correct.

MJ: And, that is your desire, Sergeant Wilkins?

ACC: Yes, it is, sir.

\*　　\*　　\*　　\*　　\*　　\*

MJ: ... Now, the Charge is a violation of Article 121 of the Uniform Code of Military Justice and thereunder are set forth some six specifications each alleging a larceny in violation of that Article. Now, you have pled guilty to a lesser— well, you have pled guilty to an offense; it is not a lesser included offense. It is not even included whatsoever at all within the offenses pled by the government. It's an entirely independent, separate offense from that pled by the government. That is, the offense of receiving stolen property. Do you understand that?

ACC: Yes, sir.

* Judge Michael B. Kennett took final action on this case prior to his reassignment.

As a result of his inquiry of the appellant and his examination of a stipulation of fact, the military judge ascertained that there were sufficient facts to support the appellant's pleas and that appellant was willing to admit to the truth of those facts. However, he did not announce in open court that he found appellant's pleas to be knowingly, voluntarily and providently made. Nor did he expressly find him guilty of wrongful receipt of stolen property and not guilty of larceny. Instead, the following transpired:

MJ: Now, I don't know that there is any requirement that I have to actually formally read the finding of the court verbatim, since the finding of the court would match identically with the set—with what is set forth in the Plea Sheet, but for the substitution of the word "Of" in the place of the word "To" at the start of each particular finding. If counsel for either side feels that there is some requirement that I actually read the finding of the court verbatim, I will be happy to do so. There is the additional change that—with regard to the Specification of Charge II and the—with regard to the Specification in Charge II, the finding would be:

Of the Specification and Charge II—Guilty.

But, otherwise, there does not appear to me to be any necessarity (sic) for me to read this in open court, unless counsel for either side feels that I—that I should.
TC: The government does not. Your Honor.
DC: Sir, the defense does not require that.
MJ: Do you see any reason, Sergeant Wilkins, why I should read it?
ACC: No, sir.
MJ: I would read what is contained in Appellate Exhibit IV, pages three—or, two, three and four. I would read those pages verbatim as they are typed there, substituting the word "Of" for the word "To" at the start of each finding. And that is, in fact, the finding of the court, and the finding of the court would be in accordance with your plea of guilty.

Therefore, in accordance with your plea of guilty—this court finds you as I have stated, in accordance with your plea of guilty, guilty of those offenses to which you have pled guilty.

Resolution of this issue depends on whether, under the provisions of the Manual for Courts–Martial, United States, 1984 [hereinafter MCM], deficiencies in the referral of charges to trial amount to nonwaivable jurisdictional defects or waivable procedural errors. The appellant contends that the circumstances present in this case establish that the wrongful receipt of stolen property specifications were never referred to trial and therefore jurisdiction as to those offenses never attached in the court-martial. In opposition, the government avers that the evidence reflects that there were only procedural irregularities which, for a number of reasons, were harmless or nonprejudicial. We hold that the specifications in question were never referred to trial. Accordingly, a jurisdictional defect exists, warranting reversal of appellant's conviction of those specifications.

## II

■ Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 201(b) [hereinafter R.C.M.], sets out five requisites of court-martial jurisdiction one of which, contained in subparagraph (3), provides: "Each charge before the court-martial must be referred to it by competent authority." This language was included in the 1984 Manual "to reflect the distinction, long recognized in military justice, between creating a court-martial by convening it, and extending to a court-martial the power to resolve certain issues by referring charges to it. Thus, a court-martial has power to dispose only of those offenses which a convening authority has referred to it." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 201(b) analysis, app. 21, at A21–8. Conversely, a court-martial has no power over offenses which have not been referred to it. *See* Art. 34, UCMJ, 10 U.S.C. § 834.

R.C.M. 601 defines "referral" and sets forth rules governing its implementation. Subsection (a) states that "Referral is the order of a convening authority that charges against an accused will be tried by a specified court-martial." Subsection (d)(1) provides that a convening authority may refer an offense to trial if "there are reasonable grounds to believe that an offense triable by court-martial has been committed and that the accused has committed it, and that the specification alleges an offense". Subsection (d)(2) further provides that referral to a general court-martial is impermissible without a pretrial investigation and advice from the staff judge advocate unless these requirements are waived by the accused. Subsection (e)(1) mandates that referral shall be by the personal order of the convening authority. Although "Referral is ordinarily evidenced by an indorsement on the charge sheet", case law has established that that is not the exclusive way charges may be shown to have been referred to trial. *United States v. Emerson,* 1 C.M.R. 43 (C.M.A.1951); *United States v. Sands,* 6 M.J. 666 (A.C.M.R.1978); *see* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 601(e)(1) discussion.

R.C.M. 603 is concerned with changes to charges and specifications. Subsection (a) defines minor changes to charges and specifications as "any except those which add a party, offense, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged." Subsection (d) provides that "Changes or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew."

▇▇▇ In summary, the plain language of the foregoing provisions clearly establishes that referral of a charge to a court-martial is a jurisdictional requisite similar in magnitude and importance to the four others listed in R.C.M. 201(b). The power to refer a case to trial is personal to the convening authority and therefore may not

be exercised by another individual or agency. Moreover, the exercise of that power is not unlimited as the referral decision may not be made arbitrarily or frivolously but must have reasonable grounds to support it. While certain pretrial procedures involved in the referral process as they pertain to general courts-martial are waivable, there is nothing to indicate that the nondelegable decision to refer a charge to trial is waivable as well. Making major changes to charges or specifications after referral by adding offenses is permissible provided the accused does not object or else charges must be preferred anew.

In the instant case, when the convening authority accepted appellant's offer to plead guilty to wrongful receipt of stolen property instead of larceny, he evidenced a desire to refer the former charge for trial. However, wishing that a certain event occur and taking official action to make it happen are not the same thing. Wrongful receipt of stolen property is a separate and distinct offense from and is not a lesser-included offense of larceny. *United States v. McFarland,* 23 C.M.R. 266, 271 (C.M.A. 1957). Therefore, something more than an acceptance of an offer to plead guilty is required before such additional charges can be considered referred to trial under the current manual. As the convening authority neither ordered referral of the charge pursuant to R.C.M. 601(a) and (e)(1) nor, of necessity, demonstrated compliance with the requirements of R.C.M. 601(d)(1), we are unable to conclude that the jurisdictional mandate of RCM 201(b)(3) was met.

▇▇▇ Our holding that there was no jurisdiction over the wrongful receipt of stolen property charges renders appellant's pleas of guilty and the court's findings in accordance therewith a nullity. A plea of guilty by exceptions and substitutions to an offense which was not a lesser included offense to the primary offense charged is irregular and normally must be rejected. Article 45, UCMJ, 10 U.S.C. § 845; R.C.M. 910(a) and (b); *but see United States v. Shores,* 16 M.J. 546 (A.C.M.R.1983). Furthermore, a court-martial may not find an accused guilty by exceptions and substitu-

tions of an offense not included in one charged when that finding substantially changes the nature of the offense. Article 79, UCMJ, 10 U.S.C. § 879; R.C.M. 918(a)(1).

### III

■ The Government has, directly and indirectly, presented us with several theories in support of affirmance. First, it contends that appellant waived any objection to the court's findings of guilty under authority of R.C.M. 603(d). *See United States v. Walker,* 26 M.J. 886, 890 (A.F.C. M.R.), *petition denied,* 27 M.J. 463 (C.M.A. 1988). This theory's attractiveness emanates from the plain language of RCM 603(d) which infers that major changes to charges and specifications (such as charging another offense) are permissible unless the accused objects. *See also United States v. Murray,* 25 M.J. 445 (C.M.A. 1988); *United States v. Heany,* 25 C.M.R. 268 (C.M.A.1958). Since the accused did not object and in fact was the progenitor of the change, it would seem that waiver should apply. However, the Discussion to the rule clearly limits its application only to situations where the charge has already been referred to trial. Equally clear is its inapplicability "if the substance of the charge or specification as amended or changed has not been referred" to trial. We perceive this to reflect an acknowledgment by the drafters of the Manual that waiver should not be employed to overcome jurisdictional defects resulting from non-compliance with R.C.M. 201(b)(3). Hence, we hold that R.C.M. 603(d), to the extent that it permits waiver of major changes to charges and specifications, applies only to those offenses previously referred to trial but not to those that have not been so referred.

Second, the Government, by citing *United States v. Michaels,* 3 M.J. 846 (A.C.M.R. 1977), has posited a "constructive referral" theory. In *Michaels,* the accused was charged with larceny but pleaded guilty by exceptions and substitutions to accessory after the fact to larceny, a violation of Article 78, UCMJ, 10 U.S.C. § 878. Acces-

sory after the fact to larceny, like wrongful receipt of stolen property, is different from and not lesser included in larceny. Moreover, the record established that the convening authority had not referred the amended charges to trial. Nevertheless, this Court ruled:

> On the other hand the appellant himself offered the substitute plea; the offenses were related; he was not misled in any manner in his defense; and he is protected from further jeopardy on the offenses. The convening authority, by approving an amendment to the pretrial agreement providing for the change, *in effect referred the modified charges to trial* and provided the jurisdictional basis for the continued proceedings. While we do not approve the procedure followed in this case, we think appellant's initiation of the change and his failure to object at the trial waived any error from the defect. *United States v. Clark,* 49 C.M.R. 192 (A.C.M.R.1974). (emphasis added).

*United States v. Michaels,* 3 M.J. at 848–49 (emphasis added).

We find *Michaels* distinguishable from the case before us for several reasons. The Manual for Courts–Martial, United States, 1969 (Rev. ed.), did not make it clear whether and to what extent referral of charges to trial was a jurisdictional requirement. To the contrary, paragraph 8 of the 1969 Manual, "Sources, Nature and Requisites" of jurisdiction, unlike R.C.M. 201(b)(3), does not list referral as a requisite of jurisdiction. Moreover, paragraph 33 j, "Reference for Trial", suggests that the process by which charges are referred is procedural. Presumably, errors in this process are waivable. We believe the court in *Michaels* enumerated its constructive referral theory because it did not consider referral to be a jurisdictional requisite, but merely procedural in nature. Although the court stated that constructive referral provided a "jurisdictional basis" for the proceedings, its reliance on *United States v. Clark,* 49 C.M.R. 192 (A.C.M.R.1974), and waiver tends to support the view that it

considered referral to be nonjurisdictional.[1] Whatever viability the constructive referral theory may have had under the 1969 Manual, we are not inclined to apply it in the context of this case and in the face of the very strong language of R.C.M. 201(b)(3) making referral a jurisdictional requisite.

Another theory in support of affirmance, also promulgated in *United States v. Clark,* is:

> Even assuming that the actual amendment had not been specifically approved by the convening authority at an earlier time, the approval of the offer to plead guilty to the charges as amended constitutes complete ratification of the amendment.
>
> .    .    .    .    .
>
> Implicit in the convening authority's approval of the offer to plead guilty is the conclusion that he approved the staff judge advocate's recommendation that the appellant be brought to trial on the amended charges. Although the amendment resulted in a trial being held on unsworn charges, this defect is waived

by the failure of the defense to object at trial.

*United States v. Clark,* 49 C.M.R. at 196 (citations omitted).

Here again, we think that the court's use of ratification was premised on its belief that referral was nonjurisdictional and that errors committed in the course of referring a case to trial could be waived. Where, as here, the process by which charges were referred to trial is jurisdictionally defective, ratification is an inappropriate rationale for correcting the error. "Whatever its merits, the doctrine of ratification has been applied only when the court was properly created and constituted and therefore had jurisdiction to try an accused." *United States v. Caldwell,* 16 M.J. 575, 577 (A.C.M.R.1983).

The final theory for affirmance is predicated on the proposition that wrongful receipt of stolen property is closely related to larceny[2] and its elements are fairly embraced within those of larceny. *See United States v. Epps,* 25 M.J. 319, 323 (C.M.R. 1987). Under this theory, if we conclude

---

1. In *Clark,* the appellant alleged that the military judge erred by permitting the prosecution to amend five specifications of larceny from the mails to allege wrongful receipt of stolen property. The facts were similar to those in the instant case in that the amendment was at the behest of the accused who had obtained a pretrial agreement from the convening authority and there was no specific evidence of a referral of the amended charges. In affirming the judge's ruling, the court opined:

    > With reference to the argument by counsel for the appellant that this amendment was jurisdictional and that waiver cannot be applied to jurisdictional defects, it is well-established that jurisdiction is neither vested nor divested by the formalities of pleading.
    >
    > .    .    .    .    .
    >
    > Likewise, the designation of a wrong article or the failure to designate any article is not material provided the specification alleges an offense of which the court has jurisdiction and apprises appellant of the nature of the offenses with which he is charged. We conclude therefore, that the amendment in this case was not jurisdictional, and any objection thereto was completely waived by the defense agreement and further that no miscarriage of justice results in applying the principle of waiver.

    *United States v. Clark,* 49 C.M.R. at 195 (citations omitted).

2. We have no authority to affirm appellant's conviction on the theory that receipt of stolen property is a "closely related offense" to that of larceny. *See United States v. Felty,* 12 M.J. 438 (C.M.A.1982). In *Felty,* the United States Court of Military Appeals held that mere "technical variance between the offense alleged and that which is established from an accused's own lips during providence does not require setting aside the plea of guilty" to the charged offense. *United States v. Felty,* 12 M.J. at 442. Thus, this court may affirm a conviction upon an otherwise improvident plea by amending the charge and specification to reflect an offense to which the plea is provident. *See United States v. Epps,* 25 M.J. 319, 323 (C.M.A.1987).

    The Government's argument in effect requests this court to affirm the trial court's findings of guilty to the offense of receipt of stolen property as an application of the *Felty* doctrine by that court. The *Felty* doctrine may not, however, be applied by a trial court. Article 79, UCMJ, specifically limits the power of a trial court to enter only findings to "an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein." We decline to cure the jurisdictional infirmity in the case at bar by expanding the jurisdiction of courts-martial in violation of statute.

that these offenses "stand in the relationship of greater and lesser charges," then we may affirm appellant's conviction under the rationale of *United States v. Virgilito,* 47 C.M.R. 331, 333 (C.M.A.1973). In that case, the appellant had attempted to plead guilty to willful disobedience of an order of a superior commissioned officer in violation of Article 90, UCMJ, 10 U.S.C. § 890, but his plea was rejected as improvident. Instead, he was permitted to plead guilty to disrespect to that officer in violation of Article 89, UCMJ, 10 U.S.C. § 889. In affirming the trial court's decision to accept the plea, the Court of Military Appeals held that, under the circumstances, the charge of disrespect was lesser included in the disobedience charge even though the elements of the offenses were different. The court eschewed use of a strict elements test in concluding that:

> This court has applied a liberal standard in determining whether an offense is lesser included in one that is charged. It has rejected the notion that the lesser offense must necessarily be included in the greater. The basic test to determine whether the court-martial may properly find the accused guilty of an offense other than that charged is "whether the specification of the offense on which the accused was arraigned 'alleges fairly, and the proof raises reasonably, all elements of both crimes' so that 'they stand in the relationship of greater and lesser offenses.' "

*United States v. Virgilito,* 47 C.M.R. at 333 (citations omitted).

We decline to apply the rationale of *Virgilito* in the instant case. In the first place, the offenses of wrongful receipt of stolen property and larceny, unlike the offenses of disrespect and disobedience, are inconsistent.** *United States v. Cartwright,* 13 M.J. 174 (C.M.A.1982)**; *United States v. McFarland, supra. See also United States v. Hickson,* 22 M.J. 146, 151 (C.M.A.1986).** Moreover, inclusion of the former into the latter would seem to run counter to the intent of Congress to "preserve the historic distinction between the

** Corrected.

two crimes." *United States v. McFarland,* 23 C.M.R. 266, 272 (Latimer, J., concurring in the result). Finally, we think it would be a bad policy to extend a doctrine of limited applicability in order to salvage a case reflecting as many errors and inattention to sound administrative practices as this one. To do otherwise would encourage such practices and would not be consistent with our supervisory responsibility as an appellate court.

The findings of guilty of Charge I and its specifications and the findings of guilty of the Additional Charge and its specifications are set aside. The remaining finding of guilty is affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing or, if rehearing on the affected charges is impracticable, a rehearing on the sentence only.

Senior Judge DeFORD and Judge KENNETT concur.