**UNITED STATES, Appellee,**

v.

**Private E1 Lindsey L. CORNELIUS, 250–31–1617, United States Army, Appellant.**

**ACMR 8802813.**

U.S. Army Court of Military Review.

16 Aug. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Paula C. Juba, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before MYERS, WERNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was charged, *inter alia,* with rape, housebreaking, and communicating a threat in violation respectively of Articles 120, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 930, and 934 (1982) [hereinafter UCMJ]. However, in return for a pretrial commitment by the convening authority not to proceed with those charges, the appellant agreed to plead guilty to larceny, breaking restriction and, by exceptions and substitutions, to adultery in violation of Articles 121 and 134, UCMJ, 10 U.S.C. § 921 respectively. He was convicted in accordance with his pleas and was sentenced by a general court-martial composed of officer and enlisted members to a bad conduct discharge and forfeiture of all pay and allowances. The convening authority approved the bad conduct discharge but reduced the forfeitures to $447.00 pay per month for six months in accordance with *United States v. Warner,* 25 M.J. 64 (C.M.A.1987).

Appellant contends that the military judge erred by accepting his plea of guilty to adultery because adultery is not a lesser included offense of rape. He correctly points out that Rule for Courts–Martial 910(a)(1) [1] provides in pertinent part that "[a]n accused may plead, by exceptions or

---

1. Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984], Rule for Courts–Martial 910(a)(1).

by exceptions and substitutions not guilty to an offense as charged, but guilty to an offense included in that offense." He then directs our attention to MCM, Part IV, para. 62c, which provides that "[a]dultery is not a lesser included offense of rape." In the alternative, should this court decide that the rape charge was sufficient to allege adultery, appellant asserts that the finding of guilty of adultery should be set aside because his statements during the providence inquiry failed to establish an essential element of the offense, namely that his conduct was "service discrediting" or "prejudicial to good order and discipline." We disagree.

■ This Court recently addressed a similar issue in *United States v. Wilkins,* 28 M.J. 992 (A.C.M.R.1989), wherein we held that a court-martial is without jurisdiction to try an accused for a particular offense unless the convening authority has properly referred that offense to that court-martial. *Id.,* 28 M.J. at 995–998. Specifically, we found the convening authority's mere acceptance of the accused's offer to plead guilty to wrongful receipt of stolen property insufficient to constitute a proper referral of that offense to trial. *Id.,* 28 M.J. at 995. Further, we found that offense not to stand in the relationship of a lesser included offense to the properly referred larceny charge upon which appellant had been arraigned.[2] *Id.,* 28 M.J. at 998.

Here, appellant was initially charged with rape, which offense was properly referred to trial by the convening authority. The latter, however, subsequently approved appellant's offer to plead guilty to adultery *instead of* rape. Although the convening authority's acceptance of appellant's plea offer does not constitute referral of an adultery charge to a court-martial, *id.* at 995, the relationship between rape and adultery is different than that which existed between the offenses at issue in *Wilkins.*

The elements of the crime of rape are as follows:

(a) That the accused committed an act of sexual intercourse with a certain female;

(b) That the female was not the accused's wife; and

(c) That the act of sexual intercourse was done by force and without her consent.

MCM, 1984, Part IV, para. 45b(1). On the other hand, the elements of adultery are:

(a) That the accused wrongfully had sexual intercourse with a certain person;

(b) That, at the time, the accused or the other person was married to someone else; and

(c) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MCM, 1984, Part IV, para. 62b(1). Although rape and adultery both involve wrongful acts of sexual intercourse, the two are generally considered separate and distinct offenses because the acts of intercourse are wrongful for different reasons. Rape is an assault against the person whereas adultery is an offense against morals of society. *United States v. Ambalada,* 1 M.J. 1132, 1137 (N.C.M.R.), *petition denied,* 3 M.J. 164 (C.M.A.1977).

"A lesser offense is included in a charged offense when the specification contains allegations which either expressly *or by fair implication* put the accused on notice to be prepared to defend against it in addition to the offense specifically charged." MCM, 1984, Part IV, para. 2(b)(1) (emphasis added). Although lesser included offenses are listed for each offense discussed in Part IV, such lists are not all-inclusive. *Id.,* para. 2b(4).

In *United States v. Virgilito,* 47 C.M.R. 331 (C.M.A.1973), appellant attempted to plead guilty to willful disobedience of a superior commissioned officer's order in violation of Article 90, UCMJ. *Id.* Appellant's plea was rejected as improvident, but he was allowed to plead guilty to disrespect

---

**2.** Once an original charge has been properly sworn, its lesser included offenses, as conformed by amendment, are also considered to be sworn charges. *United States v. Brown,* 21 M.J. 995, 997 (A.C.M.R.1986).

to that officer in violation of Article 89, UCMJ, 10 U.S.C. §§ 889, 890. The Court of Military Appeals (Court) upheld the providency of the plea, finding that under the circumstances of that case, the charge of disrespect was a lesser included offense to the alleged disobedience, despite the difference in the elements of the offenses. The Court noted that

> [t]he basic test to determine whether the court-martial may properly find the accused guilty of an offense other than that charged is "whether the specification of the offense on which the accused was arraigned 'alleges fairly, and the proof raises reasonably, all elements of both crimes' so that 'they stand in the relationship of greater and lesser offenses.'"

*Id.* at 332 (citations omitted). *See also United States v. Thacker*, 37 C.M.R. 28 (C.M.A.1966); *United States v. Mosby*, 23 C.M.R. 425 (A.B.R.1957).

■ Here, the rape specification identified the victim as being the wife of another soldier.[3] Obviously, then, the victim was married to someone other than the appellant. Although adultery is not normally considered a lesser included offense of rape, in this case the allegation in the rape specification that the victim was the wife of a third party was sufficient to "put the accused on notice to be prepared to defend against" both the element of a participant being married to someone else and, since that someone else was another soldier, the element of prejudice to good order and discipline.[4] The specification was preferred, investigated, and referred, and notice of the charge was served on appellant. The fact that appellant pleaded guilty to adultery establishes that he was in fact on notice of the difference in the offenses and that he was prepared to respond to them. We find no violation of appellant's fundamental right of military due process nor any jurisdictional error in this case. *See United States v. Mosby*, 23 C.M.R. at 433. This case is therefore distinguishable from the situation presented to this court in *Wilkins*. "[T]he situation (the accused was charged with both rape and adultery of the same woman) is different from that which exists where an accused is charged simultaneously with receiving stolen property and with larceny of that same property; for under those circumstances the accused cannot logically be guilty of both offenses (citation omitted)." *United States v. Hickson*, 22 M.J. 146, 151 (C.M.A.1986).[5]

■ Finally, we find no merit in appellant's argument that his plea was improvident because the military judge failed to establish a factual basis that the sexual intercourse with Mrs. C was service discrediting or prejudicial to good order and discipline. Although it may have been preferable for the military judge to inquire further into that element, appellant's admission that his conduct was prejudicial to good order and discipline was all that was required.[6] *United States v. Stener*, 14

---

3. The Specification of Charge I alleges: In that PV1 Lindsey L. Cornelius, U.S. Army, Btry A, 2d Bn, 56th ADA, USATC, did, at Fort Bliss, Texas, on or about 16 June 1988, rape [T.Y.C.], wife of PV2 [M.B.C.], U.S. Army.

4. Specifications alleging violations of Article 134 are not required to expressly allege that the conduct was "a disorder or neglect" or of a "nature to bring discredit upon the armed forces." MCM, 1984, Part IV, para. 60c(6)(a).

5. The government urges this court to affirm appellant's conviction on the theory that adultery is a "closely related offense" to that of rape. *See United States v. Felty*, 12 M.J. 438 (C.M.A. 1982). Affirmance on this basis would be improper. *Wilkins*, 28 M.J. at 997 n. 2.

6. Prior to discussing the circumstances surrounding the offenses, the military judge advised appellant of the elements of the offenses to which he was pleading guilty, including the offense of adultery. The military judge advised appellant of the elements of adultery as follows:

> MJ: First, that on or about 16 June 1988, at Fort Bliss, Texas, you wrongfully had sexual intercourse with [T.Y.C.]; Secondly, the government would have to prove that, at that time, Mrs. [C.] was married to someone else, and the allegation is that's Private E2 [M.B.C.]; and, Finally, the government would have to prove that, under the circumstances, your having intercourse with Mrs. [C] was prejudicial to good order and discipline in the Armed Forces.
> MJ: Do you understand those three elements?
> ACC: Yes, sir, I do.
> MJ: And do you believe they accurately describe your conduct in this instance?
> ACC: Yes, sir.

M.J. 972, 974 (A.C.M.R.1982) (an accused must admit that his conduct was prejudicial to good order and discipline or service discrediting but he is not required to explain how it was prejudicial or discrediting). Appellant's own account of the offenses and the stipulation of fact discussing the circumstances surrounding the offenses establish a sufficient factual basis for finding that appellant's conduct was prejudicial to good order and discipline. Under the circumstances of this case, appellant's sexual intercourse with the wife of another soldier, whether or not consensual, was "unequivocally to the prejudice of good order and discipline." *United States v. Smith,* 18 M.J. 786, 790 (N.M.C.M.R.1984). Accordingly, we find that the substantive inquiry into the basis of appellant's pleas was adequate. *See United States v. Wright,* 25 M.J. 827, 828–29 (A.C.M.R.), *petition denied,* 26 M.J. 316 (C.M.A.1988).

The findings of guilty and the sentence are affirmed.