1272

UNITED STATES, Appellee,

v.

Specialist Michel D. COOPER–TYSON,
082–56–4128, United States Army,
Appellant.

ACMR 9102372.

U.S. Army Court of Military Review.

15 May 1992.

Reconsideration Denied June 9, 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Paul H. Turney, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Donna L. Barlett, JAGC (on brief).

Before NAUGHTON, HOWELL, and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

JOHNSTON, Judge:

The appellant was tried by a military judge in a special court-martial. Consistent with her pleas, she was convicted of three specifications alleging wrongful use of methamphetamines and one specification of wrongful distribution of methamphetamines in violation of Article 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 912a (Supp. V 1987). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for four months, forfeiture of $502.00 pay per month for four months, and reduction to Private E1.

Charges were preferred against the accused on 24 September 1991, including Specification 1 alleging the wrongful use of marijuana. On 20 October 1991, the accused submitted a pretrial agreement that, in pertinent part, offered to plead guilty to "specifications 1, 3, 4, and 6 of the Charge" in exchange for referral to a special court-martial empowered to adjudge a bad-conduct discharge. The convening authority accepted the offer and on 23 October 1991, referred the case to trial.

At trial the appellant pleaded guilty to Specifications 3, 4, and 6. She also pleaded guilty by exceptions and substitutions to Specification 1 (the wrongful use of marijuana in December, 1990), admitting instead the wrongful use of methamphetamines on 6 January 1991.

■ Although the case was submitted "on the merits" without alleging errors, we specified the following issue:

WHETHER THE MILITARY JUDGE ERRED IN ACCEPTING THE ACCUSED'S PLEA OF GUILTY TO THE WRONGFUL USE OF METHAMPHETAMINE ON 6 JANUARY 1991 BY EX-

CEPTIONS AND SUBSTITUTIONS TO A SPECIFICATION ALLEGING THE WRONGFUL USE OF MARIJUANA DURING DECEMBER 1990. *SEE UNITED STATES V. WILKINS*, 29 M.J. 421 (C.M.A.1990).

The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 201(b) [hereinafter R.C.M.] identifies five requisites of court-martial jurisdiction, including the requirement in R.C.M. 201(b)(3) that "[e]ach charge before the court-martial must be referred to it by competent authority;" R.C.M. 601(a) defines "[r]eferral" as "the order of a convening authority that charges against an accused will be tried by a specified court-martial." It is beyond dispute that "a court-martial has power to dispose only of those offenses which a convening authority has referred to it." *See* Manual for Courts–Martial, United States 1984, Rule for Courts–Martial 201(b) analysis, app. 21, at A21–8.

In the case at bar, the accused pleaded guilty by exceptions and substitutions to a specification alleging the wrongful use of methamphetamines on 6 January 1991. As the offense to which she pleaded guilty was neither referred by the convening authority nor the explicit subject of a pretrial agreement, the court-martial lacked jurisdiction over the offense. *See United States v. Wilkins*, 29 M.J. 421, 424 (C.M.A. 1990) (referral order is a jurisdictional prerequisite).

■ *United States v. Wilkins* stands for the proposition that although the referral order is a jurisdictional prerequisite, the form of the order is not jurisdictional. 29 M.J. at 424. Thus, a charge may be referred by means of a pretrial agreement that is the functional equivalent of an order by the convening authority that the charges be referred to the court-martial for trial. In the case at bar, however, the wrongful use of methamphetamine charge substituted for Specification 1 was not the subject of the pretrial agreement. The pretrial agreement mentioned only Specification 1, the wrongful use of marijuana in December, 1990, not the wrongful use of methamphetamines in January, 1991. Although the appellant's plea waived other prerequisites to be tried for that particular offense, a jurisdictional defect is never waived.[1] The other specifications included in the Charge, however, are free of jurisdictional defects.

The finding of guilty of Specification 1 of the Charge is set aside and Specification 1 is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the Court affirms the sentence.

Senior Judge NAUGHTON and Judge HOWELL concur.

---

1. R.C.M. 907(b)(1)(A) specifies that the lack of court-martial jurisdiction is a nonwaivable ground for dismissal that may be raised at any stage of the proceeding.