**UNITED STATES, Appellee,**

v.

**Private First Class Robert N. MOORE, 562–37–5023, United States Army, Appellant.**

**ACMR 9102837.**

U.S. Army Court of Military Review.

29 Jan. 1993.

For Appellant: Captain Robin N. Swope, JAGC, Captain Paul H. Turney, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before WERNER, GRAVELLE, and DELL'ORTO, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Senior Judge:

In accordance with his pleas, the appellant was convicted of an unauthorized ab-

sence from his unit, two specifications of larceny, housebreaking, unlawful entry, and causing the wrongful making of a false military identification card, in violation of Articles 86, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, and 934 (1982) [hereinafter UCMJ]. His approved sentence includes a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant contends that the finding of guilty of one of the larceny specifications should be set aside because the court lacked jurisdiction as that specification was not referred to trial by the convening authority. We agree.

The larceny specification in question resulted from the consolidation of several charges. Prior to entry of pleas, the trial defense counsel moved to consolidate the following three charges into one specification alleging larceny by false pretenses: wrongful appropriation of $850.00 from Merchants National Bank; ten specifications of forgery of checks from the account of a Calvin A. Moore with Merchants National Bank; and three specifications of fraudulently writing checks on the account of Calvin A. Moore with Merchants National Bank knowing that the account had insufficient funds for payment.[1] The military judge commented that he could not grant the defense motion as the consolidated larceny specification would effect a "major change" in the charges previously referred to trial and the substituted charge would not have been preferred under oath.[2] We note also that the larceny specification would not have been investigated pursuant to Article 32, UCMJ, or subjected to a

pretrial advice pursuant to Article 34, UCMJ, 10 U.S.C. § 834. *See* Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 405, 406, and 601 [hereinafter R.C.M.].

After determining that the appellant, through his defense counsel, waived objection to the requirement that the charge be sworn, the military judge granted the defense motion. At no time was the consolidated charge presented to the convening authority for referral to trial by indorsement of the charge sheet or some other permissible means. Although there was a pretrial agreement, it made no reference to the consolidated larceny charge.

This court has previously considered the jurisdictional question presented in this case. In *United States v. Wilkins*, 28 M.J. 992 (A.C.M.R.1989), *rev'd*, *United States v. Wilkins*, 29 M.J. 421 (C.M.A.1990), the appellant had been charged with eight specifications of larceny. At trial, he pleaded not guilty to larceny but, by exceptions and substitutions, pleaded guilty to eight specifications of wrongfully receiving stolen property. The appellant's action comported with the terms of a pretrial agreement in which the convening authority agreed to dismiss the larceny charges and limit the appellant's sentence in exchange for his guilty pleas to the substituted charges. The convening authority did not refer the substituted charges to trial by the usual procedure of indorsement of the charge sheet. This court held that this omission deprived the court-martial of jurisdiction over the substituted charges as they had not been referred to trial by the personal decision of the convening authority.[3] As jurisdictional defects could not be waived, the appellant's pleas of guilty were required to be set aside. *Wilkins*, 28 M.J. at 995. Furthermore, the court rejected four

---

1. "Calvin A. Moore" was the name of a fictitious person used by the appellant to establish the account with the bank.

2. "Major Changes. Changes or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification is preferred anew." R.C.M. 603(d).

3. The court held:

While certain pretrial procedures involved in the referral process as they pertain to general courts-martial are waivable, there is nothing to indicate that the nondelegable decision to refer a charge to trial is waivable as well. Making major changes to charges or specifications after referral by adding offenses is permissible provided the accused does not object or else charges must be preferred anew.

In the instant case, when the convening authority accepted appellant's offer to plead

theories in support of affirmance proffered by the government: waiver, constructive referral, ratification, and closely related offense. *Id.* at 996–998.

In reversing, the Court of Military Appeals held:

R.C.M. 601(a) defines "[r]eferral" as "the order of a convening authority that charges against an accused will be tried by a specified court-martial." Although the order is a jurisdictional prerequisite, the form of the order is not jurisdictional. Therefore, if the convening authority issued an order—however informal, oral or written—that a charge against Wilkins of receiving stolen property with eight specifications be tried by the same court-martial which ultimately entered the findings of guilty, then jurisdiction existed to enter findings on that charge. The failure to obtain an opinion from the staff judge advocate, as required by Article 34 of the Code, was nonjurisdictional and could be waived by Wilkins. *United States v. Murray*, 25 M.J. 445 (CMA 1988). Likewise, he could waive the swearing to the charges against him, as long as it was clear what charges were to be considered by the court-martial. *See* RCM 603(d).

Having this in mind, we conclude that the convening authority's entry into the pretrial agreement, which provided for pleas of guilty to the eight specifications of receiving stolen property, was the functional equivalent of an order by the convening authority that the charges be referred to court-martial for trial.

*Wilkins*, 29 M.J. at 424.

In effect, the Court of Military Appeals agreed with the Army court's holding that referral of charges is a jurisdictional requirement, but rejected its application of that principle in the context of that case.

Before a court-martial may accept a plea of guilty to amended charges containing major changes, the government must demonstrate that the convening authority, by indorsement, pretrial agreement, or other acceptable means, personally ordered that the amended charges be heard by that particular court-martial. *United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951); R.C.M. 601(e)(1). Failure to do so constitutes jurisdictional error and cannot be waived. *Wilkins*, 28 M.J. at 996; *see also United States v. Cooper-Tyson*, 34 M.J. 1272 (A.C.M.R.1992).[4]

The instant case is distinguishable from *Wilkins* though it is similar to *Cooper-Tyson*. At no time during the trial was evidence presented to establish that the convening authority ordered the consolidated larceny charge be tried by the court-martial. Nor did the pretrial agreement mention the charge of larceny. Therefore, as there was no express or constructive indication that the convening authority had referred the larceny charge to trial, we hold that the court was without power to try it.

The findings of guilty of Additional Charge II and its Specification are set aside and, in the interest of judicial economy, are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to Private E1.

Judge GRAVELLE and Judge DELL'ORTO concur.

guilty to wrongful receipt of stolen property instead of larceny, he evidenced a desire to refer the former charge for trial. However, wishing that a certain event occur and taking official action to make it happen are not the same thing.... Therefore, something more than an acceptance of an offer to plead guilty is required before such additional charges can be considered referred to trial under the current manual.

*Wilkins,* 28 M.J. at 995.

**4.** *Cooper–Tyson,* held that a plea of guilty by exceptions and substitutions to wrongful use of methamphetamines was improperly accepted where there was no evidence that the amended charge had been referred to trial by the convening authority either expressly or by implication through a pretrial agreement. The pretrial agreement involved, *inter alia,* a charge of wrongful use of marijuana; the accused pled guilty to wrongful use of methamphetamines.