UNITED STATES, Appellant,

v.

Michel D. COOPER–TYSON, Specialist
U.S. Army, Appellee.

No. 68,231.
CMR No. 9102372.

U.S. Court of Military Appeals.

Argued Feb. 3, 1993.
Decided Sept. 20, 1993.

For the United States: *Captain Donna L. Barlett* (argued); *Colonel Dayton M. Cramer* and *Lieutenant Colonel Joseph A. Russelburg* (on brief).

For the Accused: *Captain Paul H. Turney* (argued); *Colonel Malcolm H. Squires Jr.* and *Lieutenant Colonel James H. Weise* (on brief).

*Opinion of the Court*

WISS, Judge:

Pursuant to pleas of guilty entered under a pretrial agreement, a special court-martial composed of a military judge alone convicted the accused of wrongful use of a prohibited substance (3 specifications) and distribution of methamphetamines, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The judge sentenced the accused to a bad-conduct discharge, confinement and forfeiture of $502.00 pay per month for 4 months, and reduction to the lowest enlisted grade. The convening authority approved these results.

On appeal, the Court of Military Review specified an issue that questioned whether the military judge properly had permitted the accused to plead guilty by exceptions and substitutions to one of the use specifications—changes that altered both the substance charged and the date of the alleged use. Ultimately, the court concluded that the military judge had erred in permitting the guilty plea in issue and that the error was jurisdictional as to the specification in question. Accordingly, the court set aside the affected finding and affirmed both the remaining findings of guilty and the sentence. 34 MJ 1272, 1273 (1992).

Thereafter, under Article 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1989), the Judge Advocate General sent this case to this Court with a request to answer two questions (36 MJ 72)—the first relating to whether per-

mitting the plea by exceptions and substitutions was error at all and the second relating to whether, if error, it was jurisdictional. On full consideration of these questions and the circumstances of this case, we now hold that the Court of Military Review erred in concluding that the military judge improperly permitted this plea.

I

The accused entered into a pretrial agreement with the convening authority in which she offered to plead guilty to "specifications 1, 3, 4, and 6 of the Charge" in exchange for the convening authority's referring the specifications to a BCD special, vice general, court-martial. Specification 1 of the charge against the accused alleged that, "between on or about 1 December 1990 and 31 December 1990, [she did] wrongfully use some amount of marijuana, a controlled substance."

At trial, the accused pleaded as agreed, except that, as to specification 1, she pleaded to "on or about 6 January 1991" and to "methamphetamine" in substitution of the date and substance that had been charged. Her sworn statements during the providence inquiry into her pleas and in a stipulation of fact into which she had entered with the Government supported her plea of guilty of wrongful use of methamphetamines on January 6, 1991; accordingly, as indicated earlier, the military judge accepted her plea.

II

██ The Court of Military Review looked at this incident as one in which the accused, in law, had pleaded guilty to a charge that had not been sent to trial by the convening authority, *viz.*, use of methamphetamines on January 6, 1991. *See* RCM 201(b)(3) and 601(a), Manual for Courts–Martial, United States, 1984; Drafters' Analysis, RCM 201(b), Manual, *supra* at A21–8. The court concluded: "As the offense to which she

pleaded guilty was neither referred by the convening authority nor the explicit subject of a pretrial agreement, the court-martial lacked jurisdiction over the offense. *See United States v. Wilkins*, 29 MJ 421, 424 (CMA 1990) (referral order is a jurisdictional prerequisite)." * 34 MJ at 1273.

The flaw in this logic is in its predicate, which the court simply asserted but did not analyze: Use of methamphetamine on January 6, 1991, was an allegation that had not been referred to trial by the convening authority. As we recognized in *United States v. Epps*, 25 MJ 319, 323 (CMA 1987), however, the key in a guilty-plea case is the relationship between the offense referred and that to which the accused pleaded guilty or judicially admitted. *Accord United States v. Wright*, 22 MJ 25 (CMA 1986); *United States v. Graves*, 20 MJ 344 (CMA 1985); *United States v. Felty*, 12 MJ 438 (CMA 1982).

Here, the fundamental nature of both the offense charged and that to which the accused pleaded guilty was *use of a contraband drug*. Only the *identity* of the drug and the *date* of the use differed. Use of either methamphetamines or marijuana, however, is prescribed in precisely the same statutory provision, Art. 112a(a) and (b)(1), and both involve precisely the same elements of proof (except, of course, for the type of drug). As to the date, we doubt that that difference played any meaningful role in the decision below. It is unlikely that the court would have held as it did under the facts of this case had the accused pleaded guilty to the charged use of marijuana but merely changed the date from "on or about 1 December 1990 to 31 December 1990" to, instead, "on or about 6 January 1991." *See generally* RCM 918(a)(1), Discussion ("Changing the date or place of the offense may, but does not necessarily, change the nature or identity of an offense."). *See United States v. Hunt*, 37 MJ 344 (CMA 1993).

---

* In *Wilkins*, this Court viewed a pretrial agreement that involved a plea to an offense different from those charged as being the functional equivalent of a referral order; the Court held that referral of a charge by the convening authority is the jurisdictional prerequisite, not the form of the referral.

■ Although we decide, on this rationale, that the charge to which the accused pleaded guilty was not so entirely different from the charge referred to trial as to preclude her plea, it does appear that the change in the identity of the drug was a "major" one, not just a "minor" one. *See* RCM 603. For instance, the maximum sentence to confinement authorized for the *charged* offense of using "some amount of marijuana" is only 2 years, compared to the maximum confinement for using methamphetamines of 5 years. *Compare* para. 37e(1)(b) *with* para. 37e(1)(a), Part IV, Manual, *supra.*

Under other circumstances, then, the accused might have successfully objected to the changes made here. *Compare* RCM 603(a), Discussion ("Minor changes also include those which reduce the seriousness of an offense, as when the value of an allegedly stolen item in a larceny specification is reduced, or when a desertion specification is amended to allege only unauthorized absence."), *with* RCM 918(a)(1)("Exceptions and substitutions may not be used to substantially change the nature of the offense or to increase the seriousness of the offense or the maximum punishment for it."). Given the accused's pleas of guilty to the specification as modified, the fact that it was on her initiative in the first place that the modification occurred, and the limit of the confinement that was within the jurisdiction of this special court-martial to impose (6 months), we believe that accused waived this protection. *See* RCM 603(d).

III

The decision of the United States Army Court of Military Review is set aside. The dismissal of specification 1 of the Charge is vacated. The finding of guilty of that specification is reinstated. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further review under Article 66, UCMJ, 10 USC § 866.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.